McDonald v. Brown.

RICHARD McDONALD, Appellant, v. THOMAS BROWN, for the use of TIMOTHY RAWLINGS et al., Appellee.

#### APPEAL FROM PULASKI.

An action will lie for money tortiously taken by force, even where it has passed out of the hands of the tort feasor before action brought.

THIS cause was tried before PARRISH, Judge, at the May term, 1854, of the Pulaski Circuit Court.

JACK and SIMONS, for Appellant.

R. S. NELSON, for Appellee.

SCATES, J.   This is an action for money had and received, upon which two questions arise.   First, will the action lie for money tortiously taken from the defendant by plaintiff by force; and, if so, whether plaintiff is liable, where the money had passed out of his hands into those of another, before action brought?

We resolve both propositions affirmatively.

The following facts present the two questions :

Clemson's trunk was stolen, broken open, and money taken from it, though it is not shown how much.   Brown, on being arrested on a warrant from McDonald, as a justice of the peace, and showing the trunk, and confessing that he had six or seven dollars of the lost money, was taken by McDonald, Boren, Coleman, and others, into an upper room at McDonald's house, and searched.   No money was found, but Brown stated to them that his money was in his coat pocket, in the same room, as I understood the bill of exceptions.   Thereupon McDonald took a pocket-book and wallet from Brown's coat pocket, out of which he took $107.00, or thereabouts, carried it down stairs, and laid it on the table, in the room where the trial or examination took place under the warrant.   During the trial, or immediately afterwards, Boren took up the money, saying, he would keep it until Clemson came home, to see if it was his money.   Boren still holds the money.   Before this suit, Brown drew an order upon McDonald for the money, under which it was demanded.   He refused to pay it, alleging that he would hold it until Clemson's return; and also that he had not the money, but that Boren had it.

The general rule is well settled, that where goods are tortiously taken, and afterwards sold and converted into money, the owner may waive the tort, and recover the money in an

action of assumpsit, for money had and received.　2 Greenleaf's Ev., Sec. 117 ; *O' Conly* v. *President and Select men of the Town of Natches*, 1 Smedes and Marshall, 46 ; *Morrison et al.* v. *Rogers*, 2 Scam. 318 ; 1 Chit. Pl. 100-1, 107, and note 4 ; *Jones* v. *Hoar*, 5 Pick. 290 ; *Lightly* v. *Clanston*, 1 Tenn. 112 ; *Cummings and Wife* v. *Noyes*, 10 Mass. 435.

The only difference perceivable between the case at bar and those referred to, and many others recognizing this rule, is that these goods were tortiously taken and converted into money, for which money, however, the assumpsit was sustained.　The authorities agree that assumpsit will not lie, unless there be a conversion into money ; and by such form of action the plaintiff does not recover the value of the goods, but only what they produced upon the sale.

I am not able to make a distinction between a sum of money thus produced by a conversion of goods tortiously taken, and a sum of money tortiously taken.　Every reason of the rule will apply, as well as analogy.　The money may strictly be considered as received to and for the use of the owner, and he waives only the damages he might be entitled to, as smart money for the tort.　It is money that is always recovered, not property.　The reason is not applicable to a tortious taking of money, which has a fixed standard value in law, as to the amount to be recovered; that would apply to property before sale and conversion into money.　For in the latter, until conversion, there is no act to be adopted as in contract, except the trespass or tortious taking.　Should he be allowed to waive this alone, it would, in strictness, simply convert the tort feasor into a lawful bailee, and his right would be to recover the property from him as such, and not its value, unless it be as in this case, already in money, in which assumpsit is as proper an action as trover or replevin would be for goods.

I have only to remark in relation to the second question, that McDonald cannot be allowed to transfer or discharge his liability either as a tort feasor or as in contract, by delivery of the property or money to another; not even if plaintiff had also the right to follow the money or property, and charge the receiver in trespass or assumpsit.

It might show a right of election to pursue either or both separately, but not a discharge from liability.

*Judgment affirmed.*