## SYSBERT DE CLERQ

*v.*

## JOHN MUNGIN.

1. NEW TRIAL—*verdict—where the evidence is conflicting.* In cases where the testimony is conflicting, the verdict of a jury will not be disturbed, unless it is so manifestly against the weight of evidence as to compel the inference that they were influenced by passion, prejudice or partiality, or did not comprehend the case.

2. PETIT JURY—*their province.* In trials by jury, the weight of testimony is to be decided by them, according as it preponderates.

3. ASSUMPSIT—*waiver of tort.* The rule is well settled, that a party whose property has been taken from him tortiously, or unlawfully detained from him, whereby an action of trespass or trover has accrued, may, if the wrong-doer sell the property and receive the money, waive the tort, affirm the sale and sue in assumpsit for the price actually received.

4. SAME—*concerning proof of price received—how made and determined.* In an action of assumpsit to recover the proceeds of the sale of property tortiously

taken from the plaintiff, the fact, whether or not the defendant received the money, need not be proved beyond all doubt; it is sufficient, if the testimony creates a reasonable presumption that the defendant did receive the proceeds, and like all other facts, must be determined on the weight of evidence.

5. INSTRUCTIONS—*when complained of—the record must contain all the instructions given on both sides.* When a party assigns for error certain instructions given on behalf of the appellee, and the record fails to disclose those given for the appellant, such assignment of error will not be considered, as this court cannot determine the true situation of the case as presented on the instructions given.

6. NEW TRIAL—*will not be awarded, when it appears substantial justice has been done.* When it appears from the whole record that substantial justice has been done, this court will not award a new trial.

APPEAL from the Circuit Court of Cook county, the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Messrs. MATTOCKS & MASON, for the appellant.

Mr. A. C. STORY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the court.

This was an action of assumpsit, to recover the proceeds of the sale of a horse, which the defendant had forcibly taken out of the possession of the plaintiff.

The testimony in the case is conflicting, and called into requisition the judgment of the jury to reconcile it, to weigh it, and it was their province to decide according as it preponderated. In such cases, courts rarely disturb a verdict—never, unless they shall have decided so manifestly against the weight of the evidence as to compel the inference either that they did not understand the case, or were so influenced by partiality or prejudice, or passion, as to be incapable of doing justice.

15—46TH ILL.

The rule contended for by appellant is admitted, and as found in *Morrison et al.* v. *Rogers*, 2 Scam. 318, that a party whose goods or chattels have been taken from him tortiously, or unlawfully detained from him, whereby he has become entitled to an action of trespass or trover, may, if the wrong-doer sell the goods and receive the money, waive the tort, affirm the sale and have his action for money had and received, but can recover only the money actually received. *McDonald* v. *Brown*, 16 Ill. 32.

The fact whether or not he received the money, is open to the jury, and must be decided by them on the evidence produced and on the reasonable presumptions created by the testimony. The fact has not to be proved beyond all doubt and positively, but sufficient must be proved to satisfy the jury the probabilities are the money was received, and like all other facts, it must be determined on the weight of evidence.

There was conflicting evidence on this point. No positive proof was made that the defendant actually received the money, but sufficient was shown to raise that presumption. The defendant admitted he had traded the horse for a stallion, giving five hundred dollars "to boot," and had sold the stallion for eight hundred dollars. This affords a strong presumption that he got the value of three hundred dollars for the horse, as that is the difference between five hundred dollars and eight hundred dollars.

We think the proof made out a *prima facie* case, at least that the defendant had realized three hundred dollars for the horse, and required him to show circumstances rebutting the presumption that he had received this sum in money. It was in the power of the defendant, as he was a witness on his own behalf, to explain away the case so made against him, if he had not actually received that amount of money. But it was his own admission he had made this trade, and the jury were authorized to infer the receipt of three hundred dollars for the horse. The case of *Dickinson* v. *Whitney*, 4 Gilm. 406, is not

unlike this case, and may be cited as authority in its support.

The instructions are complained of which the court gave for appellees. None of those given for appellant appear in the record, and we cannot well see how the case exactly stood before the jury on the instructions.

There may be some technical errors in the instructions, but none of sufficient moment to reverse the judgment, especially, when from the whole record, it appears substantial justice has been done. It so appears in this case, and we must affirm the judgment.

*Judgment affirmed.*