JOSEPH E. YOUNG

*v.*

THOMAS ROCK *et al.*

1. NEW TRIAL—*verdict against the evidence.* Where two witnesses testified that they were present at a conversation between the parties when defendant admitted that he owed plaintiffs a certain sum, for grading a portion of a railroad, and defendants testified to the amount of the grading, and the sum it came to upon estimates made, and testified to payment to a larger extent than the jury allowed, and by their verdict allowed a larger sum to plaintiffs than could have been found had they taken the evidence of defendants' witnesses as true : *Held*, that there was such a conflict of evidence that the verdict will not be disturbed, as it was the province of the jury to give credit to such witnesses as they regarded worthy of belief.

APPEAL from the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The facts of the case are fully stated in the opinion of the court.

Messrs. WALKER & DEXTER, for the appellant.

Messrs. RUNYON & AVERY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of assumpsit, brought by appellees, at the October term, 1864, of the Superior Court of Chicago, against appellant, to recover a balance of an account claimed to be due for labor performed in grading a portion of the Chicago & Great Eastern Railroad. The labor was performed near the town of Crown Point, in the State of Indiana. The declaration contained the common counts, to which the general issue was filed. A trial was had at the May term, 1866,

by the court and a jury, and a verdict was rendered for $2.005 in favor of appellees, upon which, after overruling a motion for a new trial, the court rendered a judgment, and the case is brought to this court by appeal, and a reversal is asked.

Appellees recovered in this case upon proof of admissions proved to have been made by appellant. Two witnesses swear that they were present at a conversation which took place in Chicago, between appellant and Thomas Rock, on the 26th of July, 1864. They both say that appellant then admitted that he was owing appellees the sum of $2,400 and over, but do not remember how much more. They are clear, distinct and positive in their statements in regard to this admission, and we fail to perceive anything in their evidence calculated to cast suspicion upon it, or to detract from its force. They both say that Rock claimed $4,100, but appellant denied that it was so much, but admitted the $2,400 and upwards. They both say that appellant referred to his pass book for the amount.

On the other side, the engineer who made the estimates of the work, testified to the amount to which it came, and that it did not exceed $3,995.40. He also testified to a large payment, which with other payments testified to by Cramer, amount to some seven-eighths of the amount due for labor performed. Appellant claims that it exceeds the amount, but our calculations do not make it so much. If this evidence stood unopposed, there would not remain the slightest doubt that the verdict was greatly too large. But if the two witnesses who testified for appellees testify truly, appellant admitted that there was a balance due from him of more than $2,400. And if this admission was made, there can be no reasonable doubt that it is true, as men do not deliberately make such admissions, unless they are true. The jury in this case believed that the admission was made, after seeing all the witnesses upon the stand, and having ample means of determining to whom the credit should be given.

They manifestly believed but a portion of the evidence of

appellant's witnesses, as they only allowed a part of the payments to which they testified. About the estimates, there seems to have been little, if any, dispute, and it was alone in regard to the amount due that there was a conflict. It was for the jury to say whether they believed appellant's or appellees' witnesses. And having given credit to the former, and the judge who tried the cause having overruled the motion for a a new trial, and thus expressed his satisfaction with the verdict, we will not lightly undertake to disturb it. So much depends upon the appearance and manner of a witness whilst on the stand, that is wholly lost when his evidence is reduced to writing, that persons not seeing him testify, are not as capable of judging of the weight that should be given to such evidence as the judge who tries the cause, and the jury who find the facts. Hence, the reluctance of an appellate court to disturb a verdict where the evidence is conflicting, and the responsibility is therefore left with the judge trying the cause. For aught that we can see, the manner of appellant's witnesses may have been such that the jury were fully warranted in discrediting their evidence. Although, from the evidence as it is contained in this record, we might have been better satisfied had the verdict been for a smaller sum, still we cannot say that the verdict is not supported by the evidence. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*