### In re KELLOGG.

(District Court, W. D. New York. November 11, 1901.)

#### No. 448.

1. BANKRUPTCY—TITLE OF TRUSTEE.

The provision of Bankr. Act 1898, § 70a (5), vesting in a trustee "the title of the bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred," does not vest the trustee with a better title to property than the bankrupt had, merely because he might have transferred a better title to a bona fide purchaser.

2. SAME—CONDITIONAL SALE.

Under Laws N. Y. 1897, c. 418, § 112, which makes any reservation of title in a conditional sale of personal property void "as against subsequent purchasers, pledgees or mortgagees in good faith," unless the contract is filed for record, a trustee in bankruptcy of a conditional purchaser under an unrecorded contract, who had made no transfer by way of sale, pledge, or mortgage, takes no better title than the bankrupt, which is subject to the lien reserved by the contract.

In Bankruptcy. On review of decision of referee.

Frank H. Robinson, for trustee.

Milo M. Acker, for various creditors.

Romer & Harrington (John Griffin, of counsel), for Berlin Mach. Works.

De Merville Page, for various creditors.

HAZEL, District Judge. This is a review of a ruling by a referee, holding that the title to certain machinery vested in the trustee in bankruptcy herein, as against the Berlin Machine Works, the appellant on this review.

The facts which are necessary to be examined for the proper decision of the question under review are undisputed. On her voluntary petition, the bankrupt was adjudicated as such on the 1st day of March, 1901. A trustee was selected on the 22d day of March, 1901. He thereafter duly qualified, entered upon the performance of his duties, and still continues to act as such trustee. The bankrupt conducted a planing mill at Canisteo. On October 10, 1900, the bankrupt entered into a contract with the Berlin Machine Works for the purchase of two molders. The transaction was had with a salesman of the machine company. The price agreed upon was $1,850. An order for the machinery was signed by the bankrupt. This was countersigned by the salesman for the machine company. The order which constituted the contract between the parties provided that payment should be made within four months from the date of shipment of the goods in question. The contract further provided that the title to the property described therein, which is the machinery in question, should remain in the machine company until fully paid for. The order signed by Clara E. Kellogg was sent to the main office of the company, a letterpress copy being kept by the bankrupt. The order received by the company was accepted. The machines mentioned and described therein were shipped to the bankrupt October 29th and November 16th, respectively. They were in due course, and within a few days, received by the bankrupt, set up in her planing mill, and put in operation. On October 29th and November 16th the bankrupt delivered to the machine company two promissory notes, for $925 each, payable in two and four months from their respective dates. These notes were given in payment for the machinery in question. The notes were made to the order of the Berlin Machine Works, and contained the following clause: "Title and right of possession of the property for which this note is given remains in the Berlin Machine Works until fully paid for." They were mentioned in the schedules as secured claims, the security being the machinery in question. These notes have not been paid. The machine company does not file a claim for the indebtedness represented by these notes, but seeks possession of the property to which they assert title or its value. The planing mill and machinery were thereafter transferred by Clara E. Kellogg to the C. E. Kellogg Company. The transfer was thereafter attacked, as fraudulent and without consideration, by the trustee, and the entire property was reconveyed to him by a voluntary transfer. There is no substantial claim made that these conveyances vest the trustee with any different or better title to the property in question than if the title had simply vested in him by operation of law. This phase of the question can, therefore, be eliminated from the discussion; as can also the question of whether by its erection in the mill the machinery became part of the realty. The controversy is as to the title of the trustee as against the claim of title asserted by the vendor of the machinery. There is no question but that at common law the title remained in the vendor as against all persons. No title whatever could be conveyed by the conditional vendee. Ballard v. Burgett, 40 N. Y. 314; Elevator Co. v. Callanan, 11 App. Div. 301, 42 N. Y. Supp. 930. Any rights of the

vendee or third parties, contrary to this rule of common law, must be found in statutory enactment. The statute of the state of New York applicable to this case, and in force when the machinery was sold, is found in Lien Law 1897, c. 418, § 112: ·

"Conditions and Reservations in Contracts for Sale of Goods and Chattels. Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by immediate delivery and continued possession of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency shall be void as against subsequent purchasers, pledgees or mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article."

The claimant machine company did not comply with this statute prior to the date when all the property of the bankrupt vested in the trustee. It must still be held, however, that, unless the trustee in bankruptcy can be regarded as a purchaser, pledgee, or mortgagee in good faith, he would not take title as against the vendor. He certainly cannot be classed as such. His only claim to a higher title than the bankrupt, as against the machine company, must rest, therefore, upon some provision of the bankruptcy act. This is the opinion of the referee, who says:

"Relying on the fact that the [state] law is operative only against subsequent purchasers, pledgees, and mortgagees in good faith, it is argued on the part of the Berlin Company that the trustee in bankruptcy does not come within this category, and has no standing as against the company. I might agree with this contention were it not for section 70a of the bankruptcy act."

This section, or so much of it as applies to the case at bar, reads as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall be vested by operation of law with the title of the bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Counsel for trustee claims that by reason of this section the trustee acquires a greater title than the bankrupt himself had, to wit, a perfect title, which the bankrupt, under the present state of facts, might have transferred prior to the filing of the petition; that the trustee acquires, not the title of the bankrupt to all his property, but the title which he might have conveyed. The most reasonable construction would seem to be that this section simply vests in the trustee the title which the bankrupt had to the property described in the section. It cannot be construed to grant to the trustee a higher title than was in the bankrupt at the time the property passed by operation of law to the trustee. The interest of the creditor in this property is affected by no other section of the bankruptcy statute, and his claim must stand or fall upon its proper construction. This view has recently been upheld by the circuit court of appeals for this circuit. In Re New York Economical Printing Co., 110 Fed. 514, the court said:

"The bankrupt act does not vest the trustee with any better right or title to the bankrupt's property than belongs to the bankrupt or to his creditors at the time when the trustee's title accrues. The present act, like all preceding bankrupt acts, contemplates that a lien good at that time as against the debtor and as against all of his creditors shall remain undisturbed. If it is one which has been obtained in contravention of some provision of the act which is fraudulent as to creditors or invalid as to creditors for want of record, it is invalid as to the trustee."

The case of Chattanooga Nat. Bank v. Rome Iron Co. (C. C.) 102 Fed. 755, seems directly applicable to the case at bar. In that case the court directly holds that, except in cases affected by fraud or illegal preferences, a trustee in bankruptcy, under the act of 1898, takes only the interest of the bankrupt in the assets of the estate, and holds such assets subject to the valid claims, liens, and equities enforceable against the bankrupt. There is no claim of fraud or illegal preference before the court in this case. The debt represented by the contract for the machines is set forth in the bankrupt's schedules as one secured by the machinery. The attorney for the trustee endeavors to distinguish the cases applicable to the question under discussion, decided under the act of 1867, and which were cited upon the argument, favorable to the contention of the creditor. The Chattanooga Nat. Bank Case, supra, says upon this point, quoting section 70(a) of the act of 1898, and Rev. St. § 5046, which is the section applicable under the act of 1867:

"I am unable to see how any distinction can be drawn favorable to the contention of counsel for the trustee between the two acts. The purpose of both acts, although different language is used, seems to be to vest in the trustee the title to the entire estate of the bankrupt; and no distinction can be perceived which justifies the inference that under the last act the trustee takes the property of the bankrupt as an innocent purchaser, without notice, and that in the former he did not."

The cases, under the act of 1867, seemed all to agree that no title would pass to the trustee superior to that of the bankrupt in a similar case, where the title to property under a conditional sale is governed by similar statutes.

In the case of Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779, the court says:

"Where the legal or equitable property in a security passes, and there is no express law invalidating the transfer, the creditor will be entitled to hold it as well against the assignee or receiver as against the debtor, because the assignee only takes such title as the debtor has at the time of the assignment or insolvency."

See, also, Casey v. La Societe de Credit Mobilier, 2 Woods, 77, Fed. Cas. No. 2,496; In re Lyon, Fed. Cas. No. 8,644.

The case of In re Tatem (D. C.) 6 Am. Bankr. R. 426, 110 Fed. 519, cited by counsel for trustee, was decided in North Carolina. In that state the local law provides that a contract for a conditional sale of personal property, in which the title is retained by the bargainor, must be registered in the same manner, and with the same legal effect, as is provided for chattel mortgages. The question, therefore, presents in that case a different aspect than here, where a different rule is made by state legislation for conditional sales and chattel mortgages. Thus, in that case, contract of condi-

tional·sale ·of· the goods in· question, unrecorded, was held void as against·creditors, the same as a chattel mortgage. Such is not the law in the state of New York, as has already been seen in the statute quoted. In re Booth's Estate (D. C.) 98 Fed. 975, relied upon by counsel for the trustee, is not analogous. That case was decided under section 67(a) of the bankruptcy act. The court says (page 976):

"The bankrupt act provides that claims which for want of record or other reasons· would not have been valid liens as against the claims of creditors of the bankrupt shall not be liens against his estate."

In that case a chattel mortgage of which enforcement was sought as against the trustee was not filed. The court held it void against creditors. In re Yukon Woolen Co. (In re Legg; D. C.) 2 Am. Bankr. R. 807, 96 Fed. 326, is a case relied on by counsel for the trustee. It is true that Judge Townsend there said that by reason of section 67(a) and section 70(a) the trustee had greater right than the assignee under the act of 1867. Nevertheless that case was where the trustee claimed against a creditor who asserted title to certain property held by the bankrupt under a conditional sale agreement. This was not properly recorded. The Connecticut statute, under which the rights of the creditors were to be determined as against any rights secured by law to the trustee, expressly provided that a conditional sale of property, not made in conformity with the provisions requiring the contract to be in writing and to be recorded, shall not exempt such property from attachement and execution for the debts of the vendee.

The title of the claimant machine company is unaffected, as to the creditors of the bankrupt, by its failure to record its contract with the bankrupt. Its title is therefore good as against the trustee, under a reasonable construction of section 70 and section 67. The property appears to have been sold; no payments have been made to apply on the contract for the machines.

The order of the referee is reversed, and an order may be entered directing the trustee to turn over the machines to the Berlin Machine Works, or, in the event that they have been disposed of, the trustee may turn over to the company the sum of $1,200, which, from the evidence taken before the referee, appears to be their reasonable value.