### In re PEKIN PLOW CO.

(Circuit Court of Appeals, Eighth Circuit. November 18, 1901.)

### No. 22.

BANKRUPTCY—LIENS—CHATTEL MORTGAGE—INVALID FOR WANT OF RECORD.

Comp. St. Neb. 1899, § 3188, provides that chattel mortgages, or conveyances intended to operate as such, where there is no delivery or change of possession of the property, "shall be absolutely void as against the creditor of the mortgagor" unless the mortgage or a copy thereof shall be filed for record. The term "creditor," as used in such statute, has been construed by the supreme court of the state to mean "a judgment, execution, or attachment creditor; that is, a creditor who is using the courts of law and their processes for the collection of his debt." *Held*, that all the creditors of an involuntary bankrupt were "creditors," within such definition, and that an unrecorded contract of conditional sale of property to the bankrupt, reserving a lien to the seller for the price, and intended to operate as a chattel mortgage, was invalid to create a lien as against the bankrupt's trustee.

Petition for Revision of Proceedings of the District Court of the United States for the District of Nebraska, in Bankruptcy.

Charles A. Goss, for petitioner.

J. H. McIntosh, for respondent.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge. This is an original proceeding, instituted in this court, pursuant to the provisions of section 24b of the bankruptcy act of July 1, 1898, to revise the proceedings of the district court of the United States for the district of Nebraska. It appears from the record that Frank W. Berggren was on November 10, 1900, duly adjudicated a bankrupt upon petition of his creditors. After the trustee was elected, and in due course of procedure, the Pekin Plow Company, hereafter called "petitioner," filed its claim for a preferential lien upon certain merchandise theretofore, and prior to the institution of the bankruptcy proceedings, sold and delivered by it to the bankrupt, who was a merchant doing business in Nebraska. It claimed a lien by virtue of a contract entered into between it and the bankrupt at the time the merchandise was sold. That contract is as follows:

"All goods on hand, and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash, or book accounts, we agree to hold the same as collateral security, in trust and for the benefit of and subject to the order of Pekin Plow Co., until we have paid in full in cash all our obligations due to the said Pekin Plow Co.

"[Signed]                                        Frank W. Berggren."

The contract was never recorded, and the merchandise sold and delivered to the bankrupt was never redelivered in pledge to the petitioner. Certain of the merchandise so sold was found among the assets of the bankrupt at the time the trustee was elected and took possession of the estate. It is against this merchandise that the petitioner now claims a lien for a balance of indebtedness due it.

Section 3188 of the Compiled Statutes of Nebraska of 1899 is as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor, and as against subsequent purchasers and mortgagees, in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor executing the same resides. * * *"

It is conceded that the contract between petitioner and Berggren was intended to operate as a chattel mortgage, and the sole contention is that the trustee in bankruptcy is not a creditor, or representative of creditors, within the purview of section 3188, supra, and that the mortgage, being good between the bankrupt and petitioner, is enforceable, notwithstanding the intervention of bankruptcy proceedings and the rights thereby conferred upon the trustee.

Counsel for petitioner contends that the supreme court of Nebraska has interpreted the word "creditor," as employed in the foregoing statutory enactment, to mean a judgment, execution, or attachment creditor, or one who, by a lawful seizure of property while in the possession of the mortgagor, has acquired a lien thereon, and cites the following cases in support of his contention: Bank v. Anthony, 39 Neb. 343, 57 N. W. 1029; Bank v. Gillilan, 49 Neb. 165, 68 N. W. 352; Forrester v. Bank, 49 Neb. 655, 68 N. W. 1059. These decisions probably establish the doctrine that an unrecorded chattel mortgage is only voidable as to creditors, and that until they take steps to assert their claims the mortgage is good as between the parties. It is said in Bank v. Anthony, supra, that:

"The term 'creditor,' in this statute, means a judgment, execution, or attachment creditor; that is, a creditor who is using the courts of law and their processes for the collection of his debt."

Conceding that such is the true interpretation of the statute in question, it is not apparent how the petitioner is aided thereby. The proceeding in involuntary bankruptcy is a suit between the bankrupt and all his creditors. Section 18, subd. "b," of the bankruptcy act, provides that:

"The bankrupt or any creditor may appear and plead to the petition within ten days after the return day, or within such further time as the court may allow."

Subdivision "d" of the same section provides that, "if a bankrupt or any of his creditors shall appear within the time limited and controvert the facts alleged in the petition," the judge shall hear and determine the issue so made.

Section 59, subd. "g," provides that:

"A voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners, either for want of prosecution or by consent of parties, until after notice to the creditors."

These and many other provisions of the act evince an unquestionable intent on the part of congress to make all creditors of the bankrupt parties to the proceeding when once instituted. The effect of the institution of such proceeding is to forthwith sequester and appropriate all the property of the bankrupt to the payment of his debts pro rata and equally. By the provisions of section 70, subd. "a," the trustee, upon his appointment and qualification, is vested by operation of law "with the title of the bankrupt" to all "property transferred by him [the bankrupt] in fraud of his creditors," and to all "property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him." It was held by the writer of this opinion in Re Burka (D. C.) 104 Fed. 326, that by the true interpretation of this last-mentioned section title is vested in the trustee to all property or rights of property of the bankrupt which existed at the time of the filing of the petition against him. By express provision of this section there is also likewise vested in the trustee the title to all property transferred by him in fraud of his creditors.

Section 67, subd. "a," provides that:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

From the foregoing provisions of the act, it in our opinion clearly appears that the institution of proceedings in bankruptcy amounts to an effectual sequestration for the benefit of all his creditors of all the property of the bankrupt, including property transferred by the bankrupt, before proceedings were instituted, in fraud of his creditors. By such a proceeding the creditors "are using the courts of law and their processes for the collection of their debts," and the creditors thereby make an effectual seizure of the property of the bankrupt within the true meaning of the decisions of the supreme court of Nebraska hereinbefore referred to.

Under the bankruptcy act of 1867, the assignee represented the bankrupt and stood in his shoes. The provisions of section 67, subd. "a," and section 70 of the present act are not found in the act of 1867. Accordingly the decisions relied upon by counsel for petitioner, construing the former act, are of little aid in construing the provisions of the present act. The trustee chosen under the act of 1898 becomes the representative of all creditors, and is possessed of their rights to attack fraudulent conveyances. It has been held by this court that the trustee is so much the representative of all the creditors that no appeal can be taken under the provisions of section 25, subd. "a," from an order of the district court allowing a claim of any individual creditor who objected to such allowance, but that such appeal can only be taken by the trustee as the representative of all the creditors. Chatfield v. O'Dwyer, 42 C. C. A. 40, 101 Fed. 797.

The foregoing, in our opinion, disposes of the present case in harmony with the true intent and meaning of the decisions of the supreme court of Nebraska. If there is any doubt about this proposition, we are of opinion that section 67, subd. "a," of the bankruptcy act forecloses all debate. That subdivision reads:

"Claims which for want of record or for any other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

This language is direct, clear, and free of all ambiguity, and seems to have been chosen by the lawmakers with special reference to statutes relating to fraudulent conveyances, like that of Nebraska. It means that any liens which would not have been valid, if other creditors had a right, before bankruptcy, to avoid the same, either for want of record or otherwise, shall not constitute a lien against the estate in bankruptcy. This section fully comprehends the claim of the petitioner and prevents the assertion of any lien by it against the bankrupt's estate.

The judgment of the district court disallowing the claim is accordingly approved, and the petition is dismissed.