## In re BAIRD.

(District Court, E. D. Pennsylvania.   June 20, 1902.)

### No. 852.

1. BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURT — PROCEEDING AGAINST ADVERSE CLAIMANT OF PROPERTY.

Upon the petition of a trustee in bankruptcy, asking the district court to make a summary order requiring a respondent to surrender possession of property alleged by the trustee to belong to the bankrupt estate, it is the right and duty of the court to examine the ground set up by the respondent for his refusal to deliver possession, and to determine whether a real, and not merely a pretended, controversy exists; but if it appears that in any of its aspects the respondent's claim is real, and such that the question of its validity should be tried, the court should decline jurisdiction, and leave the matter to be tried in an appropriate tribunal.

In Bankruptcy.   On petition by trustee and answer of Andrew Brady.

Hazard Dickson, for trustee.
Geo. B. Wormer, for Andrew Brady.

J. B. McPHERSON, District Judge.   I have no doubt that this court, sitting in bankruptcy, has jurisdiction to determine some of the matters set up by the respondent's answer; but concerning other matters I feel so much hesitation that I think it wiser to refer the whole dispute to the proper tribunal of the state.   As was said in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the provisions of the bankrupt act touching the jurisdiction of the district court have to do with "the jurisdiction only, and not the merits of a case; the forum in which a case may be tried, and not the way in which it must be decided; the right to decide the case, and not the principles which must govern the decision."   When a petition such as this is presented, asking the district court to make a summary order directing a respondent to surrender the possession of certain property that is alleged by a trustee to belong to the bankrupt's estate, the court has the undoubted right—indeed, it lies under the duty—to examine the ground set up by the respondent for his refusal to deliver possession, and to determine whether a real, and not merely a pretended, controversy exists upon this subject. And when it appears, as I think it sufficiently appears in the present case, that in some of its aspects, at least, the controversy requires a court to decide upon the validity of a real claim to the property in question, in my opinion the district court is obliged to decline the jurisdiction, and to refer the matter to the appropriate tribunal of the state.   To decide that the claim is unfounded would be to assume the jurisdiction that is denied by the act.   The order I am about to make, however, must not be regarded as impairing in any respect the effect of the order heretofore entered upon the petition of the Juniata Limestone Company.

The petition of the trustee is therefore refused, but without prejudice to his right to sue in the courts of the state.