## In re REYNOLDS.

(District Court, D. Montana. February 8, 1904.)

### No. 211.

1. BANKRUPTCY—EFFECT OF ADJUDICATION—SUBSEQUENT SEIZURE OF PROPERTY BY THIRD PERSON.

An adjudication of bankruptcy operates in rem, and is a caveat to all the world, having the effect of an attachment and an injunction. Upon such adjudication the possession of all property then in the peaceable possession of the bankrupt vests in the court of bankruptcy, and a seizure of the property thereafter by a third person, under whatever claim, is an unlawful interference with the possession of the court, which may compel

restoration by an order made in summary proceedings, without regard to the validity of the asserted claim.

2. SAME—RIGHT TO POSSESSION OF PROPERTY—EXCLUSIVE JURISDICTION OF BANKRUPTCY COURT.

A state court is without jurisdiction to determine the right to the possession of a bankrupt's property in a suit instituted after the adjudication, and after such property had passed into the possession of the court of bankruptcy.

In Bankruptcy.

Greene & Cockrill, for trustee.

A. C. Gormley, for claimant.

KNOWLES, District Judge. The above named Thomas Reynolds filed his voluntary petition in bankruptcy in this court on March 15, 1902, and on March 17, 1902, was duly adjudged a bankrupt. On April 5, 1902, John Denham, the petitioner herein, was duly appointed as trustee of said bankrupt's estate, and duly qualified as such. The petitioner, as such trustee, has filed his petition herein, alleging, among other things, that on September 6, 1901, the bankrupt, Reynolds, executed and delivered to one W. J. Strain a chattel mortgage on certain wines, liquors, and cigars then in his possession, and situated in the Hotel Grand, in Great Falls, Mont., to secure the payment of a promissory note of that date for the sum of $1,000, payable to the said Strain; that the aforesaid chattel mortgage was filed in the office of the county clerk and recorder of Cascade county, Mont., on March 13, 1902; that on March 22, 1902, and after said adjudication of bankruptcy, said Strain, not then being in the possession of said property, did take from said Hotel Grand the property described, which had formerly belonged to said bankrupt, and was then the property of his estate, and on said date, claiming under said mortgage, did take the same away from said Hotel Grand while said property was in the actual possession of said bankrupt, but constructively in the possession of this court. The property is alleged to be worth the sum of $3,000. A description of the property so taken is attached to the petition. It is further alleged that said Denham, after his appointment, and prior to the filing of the petition herein, made demand upon said Strain for the possession of said property, and for a redelivery thereof to him, which was refused. It is also alleged that the property so taken by the said Strain was amongst considerable other property situated in said hotel, all of which was covered by the mortgage to said Strain, and that at the date of said taking of said property said hotel was open, and business was being carried on therein. Certain other matters are set out in the petition which are immaterial and require no recitation here. In accordance with the prayer of the petition, an order was issued and served on said Strain, requiring him to show cause why he should not restore the possession of the property, etc. Said Strain has appeared and answered, and avers, among other things, that this court has no jurisdiction; that the matters set out in the petition are not sufficient to constitute a cause of action, or to entitle the petitioner to any relief; and then admits the filing of the petition in bankruptcy, and the adjudication of bankruptcy, the execution and delivery of the chattel mortgage, and the filing of the

same, as alleged in the petition; admits, also, the taking of the goods at the date alleged, and that at the time of the taking thereof the same were in the possession of 'the bankrupt, Reynolds; that demand was made as alleged; and that delivery was refused. It is then averred that the taking of the property at the time was rightful, and that it was taken under'and by virtue of the terms and provisions of said mortgage. The value of $3,000 placed on the property is denied, and it is alleged that the value thereof does not exceed the sum of $1,000. It is then alleged that the petitioner, Denham, as trustee, had filed a suit in the district court of the Eighth Judicial District of the state of Montana, in and for the county of Cascade, against said Strain, and that such proceedings were had in said court in said action that thereafter a judgment on the merits was duly made, given, and entered in favor of said Strain and against said petitioner, Denham, which said suit and judgment are then set up as a bar to this proceeding, and alleges estoppel by judgment. Laches are also charged against the petitioner, in that he had suffered an unreasonable length of time to elapse before bringing his action in this court for the recovery of.the possession of the property. To this answer a demurrer was interposed on the ground that the facts, matters, and things therein set up and alleged do not constitute a defense.

Under the pleadings in this matter, it is an admitted proposition that, on the date when said Reynolds was adjudged a bankrupt by this court, the property was in the actual, quiet, and peaceable possession of said Reynolds, and that it so remained in his possession until removed by said Strain, five days after said adjudication of bankruptcy. It is therefore unnecessary to consider the question of the good faith and consequent validity of the chattel mortgage to Strain. The only question here presented is as to the effect of the adjudication of bankruptcy in the premises. An adjudication of bankruptcy operates in rem, and from the moment of the adjudication the bankrupt's estate is under the jurisdiction of the bankruptcy court, which will not permit any interference with its possession, even though it be by an officer of a state court acting under its process. Being a proceeding in rem, all parties interested in the res are regarded as parties thereto, including the bankrupt and trustee, as well as the creditors, secured and unsecured. The adjudication vests in the trustee or temporary receiver the title of the bankrupt's property, and stays all seizures made within four months. An adjudication of bankruptcy has the force and effect of an attachment and an injunction. It is a caveat to all the world. Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866; Conner v. Long, 104 U. S. 228, 26 L. Ed. 723; Mueller v. Nugent, 184 U. S. 14, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Pekin Plow Co., 112 Fed. 308, 50 C. C. A. 257; In re Fraizer (D. C.) 117 Fed. 746; In re Brooks, 1 Am. Bankr. Rep. 531 (D. C.) 91 Fed. 508; In re Huddleston, 1 Am. Bankr. Rep. 572; In re Smith & Dodson, 2 Am. Bankr. Rep. 9 (D. C.) 92 Fed. 135; In re Chesapeake Shoe Co; v. Seldner, 10 Am. Bankr. Rep. 470, 122 Fed. 593, 58 C. C. A. 261; Brandenburg's Bankruptcy, §§ 250, 494, 495.

From the foregoing it will be seen that the taking of the property by Strain five days after the adjudication of bankruptcy, and while it was still in the possession of Reynolds, the bankrupt, was without right.

The possession of Reynolds was that of the court, and interference therewith by Strain, be it under the claim of his right to possession under his mortgage, or otherwise, cannot be allowed or tolerated.

The question as to the bar of the judgment pleaded, and the estoppel claimed to have been created thereby, is without merit. In virtue of the adjudication of bankruptcy, this court acquired jurisdiction over the res. The jurisdiction thus acquired was both complete and exclusive. Being prior to that of the state court, it was permanent. The state court was without jurisdiction in the premises, and any judgment it may have rendered as a result of the litigation between Strain and said trustee, it was and is powerless to enforce, and is not binding upon this court; and such judgment cannot affect the right and power of this court to assert its jurisdiction over the property in question, and proceed to a determination of the right to its possession. Collier on Bankruptcy (4th Ed.) p. 222; In re Chambers et al., 3 Am. Bankr. Rep. 537 (D. C.) 98 Fed. 865; In re Russell, 3 Am. Bankr. Rep. 658, 101 Fed. 248, 41 C. C. A. 323; In re Baird, 8 Am. Bankr. Rep. 649 (D. C.) 116 Fed. 765.

A careful examination and reading of the text of the aforesaid judgment of the state court discloses its tenor to be such as to indicate that the court did not assume jurisdiction over the property. It simply dismissed the trustee's complaint, and did not determine which of the parties was entitled to the property. It does not, upon its face, appear to be a judgment on the merits, with reference to the title and right of possession to the property.

The demurrer of the petitioner, Denham, to the answer of Strain herein, is sustained.