### In re SMITH & SHUCK.

(District Court, N. D. Iowa, Cedar Rapids Division. September 21, 1904.)

#### No. 467.

1. BANKRUPTCY—CONDITIONAL SALES TO BANKRUPT—PROPERTY PASSING TO TRUSTEE.

Goods in the possession of a bankrupt, purchased by him for resale as a retail dealer under a contract which reserved title and right of possession in the seller until full payment therefor, such condition being invalid as against purchasers without notice from, or creditors of, the vendee, because not acknowledged and recorded, as required by Code Iowa 1897, § 2905, pass to the trustee in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], as property which the bankrupt might "have transferred, or which might have been levied upon and sold under judicial process against him," and free from any lien on account of the contract by virtue of section 67a, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

In Bankruptcy. On petitions of the Moline Plow Company and the Rock Island Plow Company for review of orders of referee denying their claims to property in custody of the trustee of said bankrupt.

Murphy & Susemihl, for petitioners.
Baker & Ball, for trustee.

REED, District Judge. Smith & Shuck, dealers in agricultural implements at Iowa City, were adjudged bankrupts July 5, 1904. A trustee of their estate was duly appointed, who has taken possession of the property which they held at the time of such bankruptcy. The Moline Plow Company and the Rock Island Plow Company, both Illinois corporations, afterwards filed with the referee their separate petitions, asking an order that the trustee be required to turn over to them, respectively, certain of the property in the custody of the trustee, on the ground that such property was sold by them, respectively, to the bankrupts upon credit, and on condition that the title, ownership, and right of possession remain in the petitioners until it was paid for, which had not been done. The contracts by which such rights were reserved in the petitioners were not acknowledged or recorded, as required by section 2905, Code Iowa 1897, and upon this ground the claims of the petitioners were denied, and they separately petition for a review of such orders of the referee.

The question so presented was considered and decided adversely to the claims of the petitioners in Re Tweed (D. C.) 131 Fed. 355. At the time of such decision, the opinion of the Supreme Court in Hewitt v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, was not published, or at least escaped the attention of the court, and was not considered. It is now urged that upon the authority of that decision the orders of the referee in these proceedings should be reversed. That case arose in New York, and the contract there involved and decisions of the courts of that state must be considered in determining the effect of the decision. The contract so involved is as follows: "The title and right of possession of the property for which this note is given remain in the Berlin Machine Works until fully paid for." This contract does not authorize a sale or other disposition of the property by the vendee, and, as construed by the courts of New York, vests no title or right of disposition in him until the condition is performed, and such performance is a condition precedent to any such title or right in the vendee. Ballard v. Burgett, 40 N. Y. 314. Nor could the property be levied upon or sold under the judicial process against him. Cole v. Mann, 62 N. Y. 1. Therefore, under the plain terms of sections 67a and 70a (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3451]), the title to the property would not pass to the trustee in bankruptcy of the vendee. Section 112, c. 418, p. 540, Laws N. Y. 1897, cited in the opinion of the court, does not apply to contracts of the kind involved in that case, but applies only to such conditional contracts as vest in the vendee a right to sell or otherwise dispose of the prop-

IN RE SMITH & SHUCK. 303

erty. In re Garcewich, 115 Fed. 87, 53 C. C. A. 510. The same distinction is recognized in the decision of Hewitt v. Berlin Machine Works in the District Court. In re Kellogg (D. C.) 112 Fed. 52. That the validity of liens upon, and the liability of personal property to seizure and sale under, judicial process depends upon the law of the place where the property is situated will not be gainsaid. Hervey v. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003. That such rule obtains under the present bankruptcy act is plainly recognized by the Supreme Court in Hewitt v. Berlin Works, for the court says:

"The present act, like all preceding bankruptcy acts, contemplates that a lien good as against the debtor and all his creditors shall remain undisturbed. If it is one which has been obtained in contravention of some provision of the act, which is fraudulent as to the creditors, or invalid as to creditors for want of record, it is invalid as to the trustee."

And see In re Butterwick (D. C.) 131 Fed. 371.

That the liens or rights of the petitioners, claimed upon or to this property sold by them to the bankrupts, would be invalid under the Iowa statutes as against purchasers from, or creditors of, the bankrupts, without notice, unless recorded, as required by section 2905, Code Iowa 1897, admits of no doubt. It is strenuously urged, however, that the term "creditors" as used in this section means only attaching or execution creditors, or others who have acquired a lien upon the property. That a general creditor, who has no lien upon the property, would not be protected against a sale of it by his debtor, or its seizure and sale under judicial process by other creditors, may be conceded. But that is not the test by which the title of the trustee under the present bankruptcy act is to be determined. That test is fixed by sections 67a and 70a (5) of that act (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3451]), the latter of which provides that the trustee shall take such title as the bankrupt prior to the filing of the petition could by any means have transferred, or which might have been levied upon and sold under judicial process against him. The filing of the petition in bankruptcy is, however, "judicial process," and operates as an attachment or sequestration from that time of the property of the bankrupt, for the equal benefit of all of his creditors, and as a restraint upon its disposition by him. Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866; Mueller v. Nugent, 184 U. S. 14, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Pekin Plow Company, 112 Fed. 308, 50 C. C. A. 257.

Under Act March 2, 1867, c. 176, 14 Stat. 517, the assignee in bankruptcy took only such title as the debtor had at the time of bankruptcy. That act contained no provisions like sections 67a and 70a (5) of the present act. Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3451]. Congress was familiar with that act, and the construction placed upon it in this particular by the courts, and when in the light thereof it included sections 67a and 70a (5) in the present act, such provisions plainly manifest a purpose to preserve, for the equal benefit of all of the creditors of the bankrupt, the same rights in and to property held by him that

any one of them might have acquired therein by purchase from, or seizure and sale under, judicial process against him if bankruptcy proceedings had not ensued.

The orders of the referee are in accord with the foregoing views, and are approved.