STATE BANK OF CHICAGO v. COX.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,184.

1. FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the declaration in a suit in the federal courts contained the common counts and a special count, each alleging the amount in controversy to be $5,000, and a verdict was directed in favor of plaintiff for more than $2,000, the necessary jurisdictional amount sufficiently appeared.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 897.

Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. BANKRUPTCY—FILING PETITION—EFFECT.

Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], provides that the formal title of the bankrupt to the estate passes to the trustee by operation of law as of the date of the adjudication, but subdivisions 4 and 5 also confer on the trustee title to property transferred in fraud of creditors and property which prior to the filing of the petition the bankrupt could by any means have transferred or which might have been levied on and sold. Held, that the filing of a bankruptcy petition operated as a caveat against subsequent proceedings, and hence that the trustee was entitled to recover money obtained by creditors by attachment between the date the bankruptcy petition was filed and the adjudication.

3. SAME—DAMAGES—AMOUNT.

Where defendant and another creditor of a bankrupt, after the filing of a bankruptcy petition, issued concurrent attachments of the bankrupt's property in Illinois, and were therefore required to prorate the proceeds of such property as provided by 1 Starr & C. Ann. St. 1896, p. 466, c. 11, § 37, the bankrupt's trustee, on subsequently affirming a sale of the property under such proceedings and suing in assumpsit, was only entitled to recover as against defendant the amount actually received by it.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

This is a suit in assumpsit, by the trustee in bankruptcy, to recover assets of the bankrupt which were appropriated by State Bank of Chicago, plaintiff in error, through attachment and garnishee process, pending the proceedings in bankruptcy; and the writ of error is from the judgment, upon verdict, for $2,692.36 against the bank. The bankruptcy proceedings were in the District Court of the United States for the Western District of New York, against Muskoka Lumber Company, a New York corporation, upon petition for involuntary bankruptcy filed August 20, 1901; and adjudication as a bankrupt was entered May 1, 1902. On August 21, 1901, the plaintiff in error commenced attachment proceedings against the bankrupt, in the circuit court of Cook county, Ill., under which property of the bankrupt was seized and certain of its creditors were served with garnishee process. The John S. Owen Lumber Company followed with another attachment, through

the same attorneys, returnable at the same term, and thus became a pro-rating attachment creditor under the Illinois statute. Section 37, c. 11, 1 Starr & C. Ann. St. 1896 (2d Ed.). Through the attachment on the part of the plaintiff in error the sheriff collected $286.13 and the garnishees paid $2,014.52. Of this aggregate it appears that the share actually received was $1,902.78; the remainder being costs and pro rata share of the other attaching creditor. The trustee in bankruptcy brought the present action, against the plaintiff in error alone, May 11, 1903, no claim having been filed or appearance entered on its part in the bankruptcy proceedings, and various questions of pleading were raised, which involve no substantial controversy not otherwise presented for review, aside from jurisdictional features which are referred to in the opinion. Upon issues joined, with the substantial facts undisputed, the case was tried and resulted in a verdict, directed by the court, against the plaintiff in error for the entire amount so realized and interest, without deduction for the share of the prorating attachment.

Lewis W. Parker, for plaintiff in error.
Wm. Ritchie, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). Error is assigned for want of jurisdiction in the Circuit Court—that the requisite amount was not involved in the controversy—and the right to entertain the suit must be ascertained before inquiry is open upon the merits. The declaration contains the common counts and a special count, and each states the amount and value involved to be $5,000. In the special count it is averred, in substance, that the plaintiff in error caused the seizure of money and goods of the bankrupt and appropriated to its own use the money and proceeds of the goods of the value and to the amount of $5,000, and recovery of that amount is sought as for an implied promise to pay the trustee thereupon. The bona fides of the valuation and claim exceeding $2,000 for the principal sum recoverable is not only manifest in the contentions on the trial, but the right to such money was upheld in the rulings of the trial court and directed verdict. Thus the utmost of jurisdictional tests, under all the authorities, is fairly met, and it is immaterial to that inquiry whether the plaintiff succeeds or fails in such recovery. Barry v. Edmunds, 116 U. S. 550, 561, 6 Sup. Ct. 501, 29 L. Ed. 729; Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 504, 13 Sup. Ct. 416, 37 L. Ed. 255; Scott v. Donald, 165 U. S. 58, 89, 17 Sup. Ct. 265, 41 L. Ed. 632; Kunkel v. Brown, 39 C. C. A. 665, 667, 99 Fed. 593; Turner v. Southern Home Building Ass'n, 41 C. C. A. 379, 386, 101 Fed. 308; Board of Commissioners v. Vandriss, 53 C. C. A. 192, 198, 115 Fed. 866.

The questions arise for review therefore: (1) Whether the trustee in bankruptcy establishes a right of recovery; and, if so (2) whether the true measure of damages was awarded. As the material facts are undisputed, the inquiry is within narrow compass, if not otherwise free from difficulty.

1. Upon the first question the contentions are twofold: (1) That under the present bankruptcy act (Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), the trustee is vested with title to the property of the bankrupt, "as of the date he was ad-

judged a bankrupt," so that he cannnot recover for property theretofore attached and sold; and (2) that in any view, if such attaching creditor obtained no greater percentage than other creditors of like class, the proceeds were not recoverable as a preference. The attachment processes under consideration were instituted in Illinois on the day following the commencement of the bankruptcy proceedings in New York, but both attachment and appropriation of the proceeds were prior to the adjudication of bankruptcy, and the first-mentioned proposition is thus fairly involved.

The general purposes and scope of bankruptcy enactments, to take and administer all of the assets of the bankrupt for pro rata distribution to the unsecured creditors, is well recognized. In conformity with this view the provisions of the present act, alike with those of the former acts, are uniform—from section 1, cl. 10 (30 Stat. 544— [U. S. Comp. St. 1901, p. 3418]), to and including section 70, cl. 5, in fixing the date when the petition was filed as the time bankruptcy jurisdiction is established over the property then possessed by the bankrupt, as the date from which the sequestration of property becomes operative and with reference to which the validity or invalidity of the various transactions affecting the estate must be ascertained. As well remarked by Mr. Chief Justice Fuller, speaking for the Supreme Court, in Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405:

"It is as true of the present law as it was of that of 1867 that the filing of the petition is a caveat to all the world, and in effect an attachment and injunction (Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866), and on adjudication title to the bankrupt's property became vested in the trustee (sections 70, 21e, 30 Stat. 565, 52 [U. S. Comp. St. 1901, pp. 3451, 3430]), with actual or constructive possession, and placed in the custody of the bankruptcy court."

In this court the view is clearly expressed in the opinion by Judge Jenkins, in Re Rodgers, 60 C. C. A. 567, 578, 125 Fed. 169:

"The filing of the petition, followed by seizure and by adjudication in bankruptcy, is a seizure of the property by the law for the benefit of creditors, and an appropriation of it to the payment of the debts of the bankrupt. It is a seizure of the property by legal process, equal in rank to and of the same force and effect as by execution or attachment."

In other words, it is the established doctrine that bankruptcy proceedings are in rem, and when commenced all of the property then held by the bankrupt or for his use (aside from exemptions) is subjected to the jurisdiction of the bankruptcy court, and that, when bankruptcy is adjudicated, the sequestration reaches all such property at least, and becomes operative from the institution of proceedings, as "a caveat to all the world," preventing interference by attachments or other means in derogation of the interests of the estate. In re Pekin Plow Co., 50 C. C. A 257, 259, 112 Fed. 308; Chesapeake Shoe Co. v. Seldner, 58 C. C. A. 261, 264, 122 Fed. 593; Loveland's Bankruptcy (2d Ed.) 366; Collier on Bankruptcy (5th Ed.) 553. While title rests in the bankrupt up to adjudication, and in form until a trustee qualifies, it is subject to the pending sequestration, and no rights can be acquired thereunder which are not equally amenable. The formal title of the bankrupt to the estate passes to the trustee

(section 70a) "by operation of law" as of the date of adjudication, but the trustee is vested as well under subdivisions (4) and (5) with property transferred in fraud of creditors, and "property which prior to the filing of the petition" the bankrupt "could by any means have transferred" or which might have been levied upon and sold. Thus the narrow construction of the first-mentioned provision, which is sought for escape from liability for the plain violation of the act through the seizure in question, not only ignores these succeeding and comprehensive clauses, but it would nullify the terms and entire policy of the act for the protection of creditors against spoliation of estates subject to bankruptcy proceedings.

We are clearly of opinion that such rights of action, arising out of transactions prohibited by the act, vest in and are enforceable by the trustee, unaffected by the date when the legal title passes from the bankrupt to the trustee. In re Pekin Plow Co., 50 C. C. A. 257, 259, 112 Fed. 308; In re Garcewich, 53 C. C. A. 510, 513, 115 Fed. 87; In re Breslauer (D. C.) 121 Fed. 910, 914; Chesapeake Shoe Co. v. Seldner, 58 C. C. A. 261, 265, 122 Fed. 593. The question is not raised in Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, but the recovery affirmed in that case could rest on no other view.

In reference to the further contention that the proceeds of the attachment and sale gave the plaintiff in error no percentage upon the indebtedness to it beyond that received by other creditors, and thus no preference in fact, it is sufficient to remark that the alleged cause of action does not rest upon the provision relating to preferences, but upon the prohibited seizure and appropriation of property of the estate vested in the court of bankruptcy for administration. Whether the amount realized was more or less than the percentage which might otherwise have been awarded the creditor cannot enter into consideration.

2. The second objection to the verdict and judgment, as predicated on an erroneous measure of damages, must be sustained. In this action the tort was waived for the unlawful seizure and sale of the property and the trustee sued in assumpsit; thus affirming the sale and resting on the implied promise to pay over the proceeds. The general rule is well settled in such case, and is substantially conceded, that recovery is limited to the amount realized. Morrison v. Rogers, 2 Scam. 317, 319; McDonald v. Brown, 16 Ill. 32, 33; De Clerq v. Mungin, 46 Ill. 112, 114; Jones v. Hoar, 5 Pick. 285, 290. The amount, however, for which the plaintiff in error is charged by the verdict, includes both the amount received by it and the share apportioned to the other attaching creditor, under the provisions of section 37, c. 11, of Illinois statutes (1 Starr & C. Ann. St. 1896, p. 466), which requires such division between concurring attachments. In support of such award of the entire proceeds the general rule is invoked which makes one wrongdoer (through attachment or otherwise) so liable, notwithstanding others joined in the wrong and shared in the proceeds. We are of the opinion that the rule referred to is inapplicable to the case of concurring attachments under this statute, in any view of the effect of waiving the tort. The plaintiff in error

had no part in nor control over the other attachments. Proceeding independently it cannot be held answerable for the attachments which followed, with enforced division of proceeds, nor through the fact that all employed the same attorneys.

Under the undisputed facts the verdict, as directed, was in excess of the liability of the plaintiff in error, and error is well assigned thereupon. All other assignments are overruled, and for the reason stated the judgment is reversed, with direction to grant a new trial.