### Nannie Lane v. William M. Trimble.

Verdict—*when not disturbed as against the evidence.* A verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by fair and reasonable intendment, will authorize a verdict, notwithstanding it may appear to be against the strength and weight of the testimony.

Action in case. Error to the Circuit Court of Effingham county; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

S. F. Gillmore and G. F. Taylor, for plaintiff in error.

Wright Bros. and Wood Bros. & Rickelman, for defendant in error.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action in case, in the Circuit Court of Effingham county, by plaintiff in error against defendant in error, to recover damages for an alleged libel. Trial by jury. Verdict and judgment in favor of defendant in error.

Plaintiff in error bases her claim for a reversal of the judgment of the trial court on two grounds, viz.: The verdict of the jury is contrary to the evidence; the court gave improper instructions as to the law, on behalf of defendant in error.

The evidence as to the contested issues raised in the case was, in the main, directly contradictory, and at all points conflicting. Upon this state of evidence the

rule is as laid down in Schevalier et al. v. Seager et al., 121 Ill. 564. In that case the learned judge who wrote the opinion of the court discussed the subject at considerable length and among other things said: "The question then recurs, what is the rule in common law cases in respect to granting new trials on the ground that the verdict was contrary to the evidence? The question stated has been frequently answered by this court, under various circumstances, and in language, though often differing in form of expression, yet always practically amounting to the same thing. This is fully shown by the following cases: * * * Johnson v. Moulton, 1 Scam. 532; Roney v. Monoghan, 3 Gilm. 85; O'Reily v. Fitzgerald, 40 Ill. 310; Chicago and Great Eastern Ry. Co. v. Vosburgh, 45 Ill. 311; DeClerq v. Mungin, 46 Ill. 112; Young v. Rock, 48 Ill. 42; St. Louis, Jacksonville and Chicago Ry. Co. v. Terhune, 50 Ill. 151; I. C. R. R. Co. v. Gillis, 68 Ill. 317. The case last mentioned, contains, perhaps, as clear and apt a statement of the rule, if not more so, than any of the others. It is there said: 'If any rule of Court can be so well established as to be neither questioned nor require the citations of authorities to support it, it is, that the verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by fair and reasonable intendment, will authorize a verdict, notwithstanding it may appear to be against the strength and weight of the testimony.' In the later case of Calvert v. Carpenter, 96 Ill. 63, it was said: 'This court will not reverse the judgment of the trial court where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict.' The truth is, the rule could not be otherwise without invading the province of the jury to determine the credibility of witnesses and to say which of them are to be believed in case of a conflict. To do this would be to dispense with the essential functions of the jury, and thus to destroy its utility altogether."

We are of opinion that the state of evidence disclosed in this record is not such as to warrant this court in disregarding the verdict of the jury and reversing the judgment of the Circuit Court based thereon.

With respect to the instructions, they are not repugnant, but are such as must be considered as a whole, as one series. So considering them, they are not misleading and state the law applicable to the whole case with substantial accuracy.

We find no reversible error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*