## Case No. 5,073.

### FRAZIER et al. v. McDONALD.

[8 N. B. R. 237; [2] 20 Pittsb. Leg. J. 185; 7 West. Jur. 505; 10 Phila. 273; 30 Leg. Int. 232.]

District Court, W. D. Pennsylvania. July 11, 1873.

Messrs. Watson, Wood & Weir, for the rule.
Mr. Stoner and Mr. Swoope, Dist. Atty., contra.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 8 N. B. R. 237, by permission.]

McCANDLESS, District Judge. On the 4th of April, 1873, a creditors' petition was filed [by Frazier & Fry] against John V. McDonald, alleging several acts of bankruptcy. To this he filed a denial on the 12th of April, 1873, and demanded a trial by jury, which was ordered. On the 28th of May, 1873, and before a jury trial could be had, his executors, by counsel, came into court and suggested his death as having occurred on the 22d of that month. At their instance a rule was granted on the petitioning creditors to show cause why the petition and all the proceedings thereunder should not abate.

The question presented for our consideration is, does the death of McDonald terminate the proceedings in a court of bankruptcy?

Judicial legislation is a dangerous encroachment upon the constitutional rights of congress. Without its employment I cannot extend the provisions of the bankrupt law beyond the present status of this case. Realizing the justice of such an application to its existing features, I have tried to find authority for it in some one or more of its sections, but have not been able to do so. To apply the broad principles of equity practice to an act of legislation, comprehensive in its terms and designed to meet every possible contingency in the affairs of the debtor, is the exercise of a doubtful authority, and should be avoided by the judiciary.

Were this a voluntary proceeding the statute provides for it by declaring, in the twelfth section [Act 1867; 14 Stat. 522], that if the debtor dies after the issuing of the warrant, the proceeding may be continued and concluded in like manner as if he had lived. In such cases he had already been adjudicated a bankrupt, and complete jurisdiction over his person and property had been acquired by the bankrupt court, and there is no good reason why it should be transferred to another forum. In a proceeding by the creditors there is no such provision; the attitude of the party is wholly different; the process is simply inchoate; he has not been declared a bankrupt; he denies all the acts of bankruptcy charged in the petition, and demands that their truth or falsity may be determined by a jury. These are analogous to torts in an action at law, suits for which abate on the death of the party. Even if we thought that the twelfth section applied to cases of involuntary bankruptcy, it could not apply here, for no warrant has issued, and could not issue until after an adverse finding by the jury, and a decree of adjudication. Many of the clauses in the involuntary sections of the bankrupt law are penal in their nature. With what propriety can you visit these upon a representative man, upon the executor, who is the appointee, and, post mortem, the legiti··te representative of the dead man, or upon the administrator, who obtains none of his powers from the decedent, but is ap-

pointed by, and derives all the authority from, the register of wills?

In construing this act of congress, I can give it no other interpretation, and as this is a question of the first impression, I suggest an early appeal, that it may be definitely settled in this circuit. The rule is made absolute.