## Case No. 5,129.

In re FRISBEE et al.

[14 Blatchf. 185;[1] 15 N. B. R. 522.]

Circuit Court, S. D. New York. April 5, 1877.

Hatch & Van Allen, for bankrupts.
Thomas M. North and Henry A. Root, for creditors.

JOHNSON, Circuit Judge. The substantive grounds upon which the reversal of the adjudication is sought have been already disposed of by the court in Re Beisenthal [Case No. 1,236]. It was there held, that a general assignment for the benefit of creditors, without preferences, was voidable by the bankrupt's assignee within the time limited by statute. Upon the same grounds such an assignment is an act of bankruptcy, as has been frequently held in the courts of the United States in this circuit.

The remaining question depends upon section 5021 of the Revised Statutes of the United States, as amended by section 12 of the act of June 22, 1874 (18 Stat. 180). By the provisions of that section, if the allegation of the petition as to the number or amount of the petitioning creditors is denied by the debtor, by a statement in writing to that effect, the court is to require the debtor to file a full list of the creditors, with the particulars pointed out by the statute, and

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

is also to ascertain, upon reasonable notice to the creditors, whether one-fourth in number of the creditors, and one-third in amount of those having provable debts, have petitioned. If it appears that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding ten days, within which other creditors may join in such petition, and thus make up the number and amount required by the statute. The statute contains a very peremptory provision, that if, at the expiration of the limited time, the number and amount of creditors applying shall not answer the requirements of the section, the proceedings shall be dismissed. This limitation of time and this peremptory provision for dismissal, are consequent upon the judicial ascertainment by the court that the requisite number and amount of creditors have not petitioned. This ascertainment is to be made upon reasonable notice to the creditors, in order that they may take part, if they see fit, in the inquiry that the judge is to make. Until that ascertainment has taken place, the matter remains at large, and further creditors may come forward and unite in the proceedings.

We can only ascertain what has taken place in a judicial proceeding by consulting the written record of the action of the court. Otherwise, no certainty could be arrived at in respect to such proceedings, and it might become necessary for judges to enter the field of affidavit making, and be subject to the criticism which such a position involves. In this case the papers show the written denial by the debtors that the requisite number and amount of creditors had united in the petition. This was presented to the court on the 20th of January last, in proper time, and raised a proper issue in the case. No order thereupon appears to have been entered in the clerk's office, nor any decision by the district court upon the sufficiency of the petition. Upon the minutes of the judge, kept by himself in court, an entry appears of the presentation of the denial and of an order of reference. The known practice of the court, as well as the necessary requirements of the law, make it plain that this was intended as the authority to the clerk to enter an order of reference upon the inquiry whether a sufficient number of creditors, and for a sufficient amount, had signed the petition; and to notice of this proceeding creditors were entitled. No reference appears to have taken place and no order seems to have been actually entered. The case, therefore, did not arise in which the judge is called upon by the statute to fix a time within which additional creditors may join in the petition. The petitioners are, therefore, necessarily in error in supposing that the supplemental petition was presented, asking for the adjudication, after the time when the court had power, under the statute, to entertain the same.

The supplemental petition for adjudication having been presented, the debtors, on the 3d of March, put in their answer, in which they did not set up the want of a sufficient number and amount of petitioning creditors, but only put in issue the alleged acts of bankruptcy. At the same time the debtors presented an application asking the dismissal of the original and supplemental petitions for adjudication of bankruptcy, upon the ground of the expiration of the time within which such supplemental petition could be filed according to law, and claiming that the court had lost jurisdiction of the cause. But, as we have already seen, the proper foundation of fact was wanting, by which to support such application.

Subsequently, and on the 10th of March, the debtors presented a petition, stating, among other things, that on the adjourned return day of the order upon the supplemental petition, by inadvertence, no allegation was made that the requisite number and amount had not joined in the supplemental petition, and it is averred that neither in number nor amount were the requisite creditors included in the supplemental petition; and it was thereupon prayed that the petition should be dismissed. It was not averred, that, taking both petitions together, creditors to the requisite number and amount had not joined. Upon this petition an order was made by the district court, refusing to dismiss the proceedings for adjudication, whether the petition was to be regarded as an application for the favor of the court or as matter of right, which was duly entered March 10th. An adjudication of bankruptcy followed in due course. The only objections to it are those which have been already considered, and those, I am of opinion, do not avail. The proceedings and adjudication of bankruptcy must be affirmed, and an order will be entered accordingly and transmitted to the district court.