REBECCA FOGG, The (BROOKMAN v.). See Case No. 1,941.

---

## Case No. 11,623.

### In re REBMEISTER.

[15 Blatchf. 467.] [1]

Circuit Court, N. D. New York. Jan. 20, 1879.

BANKRUPTCY — REQUISITE NUMBER AND AMOUNT OF CREDITORS — NOTICE — TIME FOR OTHERS TO JOIN.

Under section 12 of the act of June 22, 1874 (18 Stat. 180), the ascertainment as to whether the requisite number and amount of creditors have joined in an involuntary petition in bankruptcy, is to be made "upon reasonable notice

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

to the creditors," and it is only when it is made on such notice that the power of the court to grant time for other creditors to join, is limited by said section 12.

[In the matter of Michael Rebmeister, a bankrupt.]

George Gorham, for Rebmeister.
Oscar Craig, opposed.

BLATCHFORD, Circuit Judge. The application made to the district court and denied by the order of July 30th, 1878, was an application to dismiss the original petition and the amended petition, for the reasons set forth in the notice given of such application. The original creditor's petition was filed March 29th, 1878. On the return of the order to show cause, which was issued on such petition, Rebmeister filed a preliminary answer to it, denying that sufficient creditors in number and amount had joined in it, and he also filed a verified list of his creditors, with their residences and the amount owing to each. This proceeding was taken under the provisions of section 12 of the act of June 22, 1874 (18 Stat. 180), requiring an involuntary petition to be brought by creditors constituting one-fourth, at least, in number, of the creditors of the debtor, and the aggregate of whose provable debts amounts to at least one-third of the provable debts. The statute enacts, that the court shall, if the "allegation as to the number or amount of petitioning creditors be denied by the debtor, by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of residence and the sums due them respectively, and shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt. * * * And if it shall appear that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding * * * ten days, within which other creditors may join in such petition. And if, at the expiration of such time so limited, the number and amount shall comply with the requirements of this section, the matter of bankruptcy may proceed; but if, at the expiration of such limited time, such number and amount shall not answer the requirements of this section, the proceedings shall be dismissed, * * * with costs." On the 16th of April, 1878, the district court made a reference to a register, by order, "to take the testimony under the petition and preliminary answer, and report to this court whether sufficient creditors in number and amount have joined in the petition in this matter." The court did not direct the ascertainment to be made, as the statute requires, "upon reasonable notice to the creditors." The report of the register, made June 10th, 1878, does not set forth that any such notice

was given. The report was, that sufficient creditors in number and amount had not joined in the petition. It was excepted to by the petitioning creditor, and, on a hearing, the district court, on the 2d of July, 1878, confirmed the report and overruled the exceptions, and made an order allowing the petitioning creditor 15 days "in which to file an amended petition, in which the requisite number of creditors shall join and the requisite amount of claims and indebtedness shall be represented," on payment of disbursements, $29 41, to the attorney for Rebmeister. On the 16th of July, 1878, an amended petition was filed, in which other creditors joined, accompanied by proofs, a copy of which petition and proofs was on the same day served on, and accepted by, the attorney for Rebmeister. The disbursements were not then paid or tendered, but the attorney for Rebmeister did not on that ground make any objection to receiving the papers, nor did he return the papers. On the 22d of July, 1878, the attorney for Rebmeister, on his behalf and on behalf of Miller, Greiner & Co., creditors of Rebmeister, to whom he had confessed a judgment for $3,166 20, on the 23d of March, 1878, served on the attorney for the petitioning creditor a notice that the court would be applied to on July 30th, 1878, for an order dismissing the original petition and the amended petition, on the following grounds: (1) That no creditors joined in the petition within ten days after the court had decided that sufficient creditors in number and amount had not joined in it; (2) that the terms of the order of July 2d, 1878, had not been complied with; (3) that no deposition or proof of any act of bankruptcy on the part of Rebmeister was filed with the amended petition; (4) that, from the amended petition and the register's report, it appeared that sufficient creditors in number and amount had not joined in the amended petition; (5) that the amended petition is not signed by the persons named as petitioners, and is not properly verified; (6) that the proofs of debt attached to the amended petition do not show that Rebmeister was indebted to the petitioners in it at the date of the filing of the original petition, and at the commencement of the proceedings, but show that Rebmeister was not indebted to them in the several amounts stated in such amended petition and proofs, at the time of the filing of the original petition; (7) that the amended petition does not state facts sufficient to warrant the court in granting an adjudication of bankruptcy thereunder. The application to dismiss the two petitions was heard, and the court, on the 30th of July, 1878, made an order denying it and directing that the petitioning creditors pay to the attorney for the bankrupt, within ten days, the $29 41. This court is now applied to, by a petition of review, to reverse said order of July 30th, 1878, and to dismiss the proceedings in this matter.

It is contended, that the statute is imperative, in directing that the proceedings shall be dismissed if the proper number and amount of creditors do not join in the petition within ten days after the court has adjudged that the requisite number and amount have not petitioned. The general power of allowing the petition to be amended or supplemented by the joining in it of further or additional creditors, is inherent in the district court, to be exercised with proper legal discretion. The statute abridges this power only under the circumstances specified in it. The whole body of the creditors of a debtor are interested in the question as to whether he is to be adjudicated an involuntary bankrupt, on a given act of bankruptcy. He must be brought in, if at all, on a petition filed within six months after the act of bankruptcy is committed. The theory of the statute is, therefore, that all the creditors shall be notified, if it is alleged by the debtor that a sufficient number and amount have not brought the petition. Hence, if the debtor makes that allegation, he is to be required to file, forthwith, a full list of his creditors, with their places of residence and the sums due them respectively, so that the court may have the means of notifying such creditors, and then the court is required to notify them of the pendency of the petition, and of the investigation that is proceeding. The object is, that they may attend on the investigation, to ascertain whether the proper number and amount of creditors have petitioned, and, perhaps, show the incorrectness of the list of creditors furnished by the debtor, either as to names or amounts. It is only when the court has made the required ascertainment, on the required notice to creditors, that its power to grant time for other creditors to join is limited by the statute. This was the view taken in Re Frisbee [Case No. 5,129], and it is the law of this circuit. In the present case, it is shown that the ascertainment by the register and the court was not made on any notice to the creditors set forth in the debtor's list, and that the statute was not pursued. Therefore, the discretion of the court to allow time for other creditors to join was not restrained by any thing in the statute, and there is nothing to show that such discretion was not properly exercised in this case, or that the proceedings should have been dismissed because the amended petition was not sooner filed.

Under the circumstances, the court had power, and it was a proper exercise of discretion, to extend the time for the payment of the $29 41.

The only other point made, in argument, on this review, as a ground for reversing the order complained of, and dismissing the proceedings, is, that the papers show that the claim of each one of four of the added creditors was less than $250 when the original petition was filed, but that each one of such

four has, since the register's report was made, purchased sufficient claims to make an aggregate claim, in each case, of over $250. A determination on this point, both as to what the facts are, and as to the law on the subject, is a part of the ascertainment as to whether the proper number and amount of creditors have now joined in the petition; and, as Rebmeister has put in a preliminary answer to the amended petition, denying that a sufficient number and amount of his creditors have joined in it, the district court must proceed to such ascertainment, on reasonable notice to the creditors, and, as a part thereof, the point thus taken can be properly raised, and determined by that court. The prayer of the petition of review is denied, with costs.