### In re HENDERSON.*

(*District Court, S. D. Ohio, W. D.*   November 11, 1881.)

1. INVOLUNTARY BANKRUPTCY—ACTION FOR RECOVERY OF DEBT—BAR.

A proceeding in involuntary bankruptcy is not one for the recovery of the creditor's debt, but to secure a distribution of the debtor's property among all his creditors; and therefore the prosecution of an action by the creditor for the recovery of his debt is not a bar to his proceeding against the debtor in bankruptcy.

2. SAME—AMENDMENT TO PETITION—NEW ACT OF BANKRUPTCY.

An amendment to the petition charging that the conveyances, which were specifically set forth in the petition, and which were therein alleged to be fraudulent and without consideration, were also made, if there was any consideration, with intent to prefer certain persons to whom the conveyances were made, does not charge a new act of bankruptcy, and should be allowed.

3. SAME—JURISDICTION—NUMBER AND AMOUNT.

That the petitioning creditors constitute one-fourth in number and one-third in amount of the debtor's creditors and indebtedness is not, in the proper sense of the term, a *jurisdictional* fact.

*Ex parte Jewett*, 2 Lowell, 393, followed.

4. SAME—SAME—SAME—REPEAL OF BANKRUPT LAW—"PENDING" CASE.

A proceeding in involuntary bankruptcy was "pending," within the meaning of the act of June 7, 1878, repealing the bankrupt law, when that act went into force, although the required number and amount had not then joined as petitioning creditors; and the court has power thereafter to permit other creditors to join as petitioning creditors.

*Bateman & Harper*, for petitioners.

*Follett, Hyman & Dawson* and *Thos. Millikin*, contra.

SWING, D. J. This is a proceeding in involuntary bankruptcy. The second defence of the answer sets up that, after the filing of the

*Reported by J. C. Harper, Esq., of the Cincinnati bar

petition in bankruptcy, the petitioning creditor began a civil action against the debtor for the recovery of his debt, and had prosecuted the same to judgment, thereby securing a lien upon the defendant's property; and alleges that, by reason thereof, the petitioner is estopped from prosecuting this proceeding. To this defence a general demurrer is interposed.

I think the demurrer is well taken. Bankruptcy proceedings are not instituted for the recovery of the creditors' debt, but to secure a distribution of the debtor's property to all his creditors. Therefore, the commencement, by the creditor, of an action for the recovery of the debt, is not a bar to a proceeding, under the bankrupt law, to declare the debtor a bankrupt. As to what effect, if any, the lien obtained by the creditor in such action is to have against other creditors it is not necessary now to decide. The matters set up do not constitute a bar to the proceeding for an adjudication of bankruptcy, and the demurrer must be sustained.

A motion has been made for leave to amend the petition. The original petition, filed in 1878, set out the conveyance of certain premises by the debtor to his wife through a trustee, and charged that the same was made without consideration and with intent to delay, hinder, and defraud his creditors, and to defeat the operation of the bankrupt act. It also charged a transfer and conveyance of certain personal property to Ayres McCreary, with the same intent. The amendment proposed sets out the same conveyances, but charges that the first, to the debtor's wife, was made upon the pretended consideration of an indebtedness to her, and with intent *to prefer* her and to defraud, etc., as in the original petition ; and that the second, to Ayres McCreary, was made with intent *to prefer* him and to defraud, etc. The amendment does not allege what can properly be called a new act of bankruptcy. The act was the transfer of the property. The amendment proposed simply charges a new intent, and should be allowed.

Finally, there is an application on the part of other creditors to join as petitioning creditors. This proceeding was begun March 16, 1878, and it appears that the petitioning creditor does not constitute the requisite one-fourth in number and one-third in amount of the alleged bankrupt's indebtedness. It is claimed that the requisite number and amount is a jurisdictional fact, and that that requirement not having been fulfilled before the repeal of the bankrupt law, the court has no power to permit others to join or to proceed further

in the case. If the proceeding was "pending" when the law was repealed, the court has power to grant the application.

The language of the act of congress is inconsistent with the idea that it intended the court's jurisdiction to depend upon the presence of the required number and amount. Section 5021 of the Revised Statutes, as amended by the act of 1874, (18 St. at Large, 180,) provides that:

"And in all cases commenced since the first day of December, 1873, and prior to the passage of this act, as well as those commenced hereafter, the court shall, if such allegation as to the number or amount of petitioning creditors be denied by the debtor by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of residence and the sums due them, respectively, and shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt. But if such debtor shall, on the filing of the petition, admit in writing that the requisite number and amount of creditors have petitioned, the court (if satisfied that the admission was made in good faith) shall so adjudge, which judgment shall be final, and the matter proceed without further steps on the subject. And if it shall appear that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding in cases heretofore commenced 20 days, and cases hereafter commenced 10 days, within which creditors may join in such petition. And if, at the expiration of such time so limited, the number and amount shall comply with the requirements of this section, the matter of bankruptcy may proceed; but if, after the expiration of such limited time, such number and amount shall not answer the requirements of this section, the proceedings shall be dismissed, and, in cases hereafter commenced, with costs."

The bankrupt act provides that the adjudication shall relate back to the time of filing the petition. The section just quoted provides a mode for supplying the requisite number and amount when there was originally a deficiency. Can it be said that congress would make the adjudication relate back to a time when the court had no jurisdiction of the proceeding? In this case there was a petition containing the necessary allegations as to the residence of the alleged bankrupt, his indebtedness, the nature and character of the petitioner's claim, the acts of bankruptcy alleged to have been committed, with accompanying proofs and affidavits as required by the bankrupt law, the defendant was duly served, and this gave the court jurisdiction of the cause. The question was before me in the case of *In re H. Hirsch & Co.*, and I then so ruled. The opinion of Judge Lowell in *Ex parte Jewett*, 2 Lowell, 393, is to the same effect. The court having jurisdiction of the case when the bankrupt law was

repealed, it follows that it was then "pending" within the meaning of the repealing act of June 7, 1878, (20 St. at Large, 99,) and that proceedings thereafter in it are not affected by such repeal.

The applicants present a petition alleging the same acts of bankruptcy charged in the original petition and amendment, and leave is given to file the same.

NOTE. See, also, in support of decision in foregoing case, *Re Duncan*, 8 Ben. 365; *Re Frisbee*, 14 Blatchf. 185; *Perin* v. *Peale*, 17 B. R. 377; *Lastrapes* v. *Blanc*, 3 Woods, 134; *Re Mendenhall*, 9 B. R. 380; *Re Rebmeister*, 15 Blatchf. 467; Bump, Bankruptcy, (10th Ed.) 47–48, 468–469, and cases cited. That the number and amount is a jurisdictional fact, see *Re Rosenfields*, 11 B. R. 86; *Re Burch*, 10 B. R. 150.—[REP.