### In re HICKS.

(District Court, D. Vermont. February 18, 1901.)

BANKRUPTCY — ABATEMENT OF PROCEEDINGS—DEATH OF BANKRUPT AFTER PETITION FILED.

Under the provisions of Bankr. Act 1898, § 1, cls. 4, 10, that "bankrupt" shall include a person against whom an involuntary petition has been filed, and "commencement of proceedings," with reference to time, shall mean the date when the petition was filed, in connection with section 8, which provides that "the death or insanity of a bankrupt shall not abate the proceedings," the death of a person against whom an involuntary petition has been filed after the service of subpœna, but before the return day, does not require or authorize a dismissal of the petition.

In Bankruptcy. On motion for dismissal of petition.

Ernest W. Gibson, for administrator.

Arthur P. Carpenter, for petitioning creditors.

WHEELER, District Judge. The bankrupt act (section 1, subd. 4) provides that in the act "bankrupt" shall include a person against whom an involuntary petition has been filed, and (subdivision 10) "date of bankruptcy," or "time of bankruptcy," or "commencement of proceedings," or "bankruptcy," with reference to time, shall mean the date when the petition was filed; section 59f, that "creditors other than the original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition; (g) a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners for want of

prosecution or by consent of parties till after notice to the creditors;" and section 8, "The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence." In this case an involuntary petition appears to have been filed, upon which a subpœna was issued, and served by leaving a copy at the residence of the bankrupt in this district. An administrator has appeared, and moved to dismiss the proceedings, because the bankrupt died before the return day; and now, upon notice to the creditors, this motion has been heard. On behalf of the bankrupt it is insisted that there can be no bankrupt till after an adjudication, and that the provision as to the effect of death of a bankrupt cannot apply till then; and on behalf of the creditors it is insisted that the provision applies to the proceedings as soon as they are begun. By the constitution of the United States (article 1, § 8) congress is given power to establish "uniform laws on the subject of bankruptcies throughout the United States"; and by article 6 it is declared that "this constitution and the laws of the United States which shall be made in pursuance thereof," "shall be the supreme law of the land." Involuntary proceedings in bankruptcy are not mere suits against the bankrupt for the collection of debts, but are broader, for the equal distribution of his property among his creditors. In re Henderson (D. C.) 9 Fed. 196; Id. (C. C.) 10 Fed. 385. Congress may provide how they shall be begun, when they shall attach, and how the proceedings shall be affected by the exigencies of the person or property of the bankrupt arising in the course of the proceedings. Valid proceedings cannot be begun against the estate of a deceased person, but only against the person and property of the living. Adams v. Terrell (C. C.) 4 Fed. 796. But when they have once been begun against a living person they are only affected by death as the bankruptcy law may provide. The act of 1867 (section 12) provided that, "If the debtor dies after the issuing of the warrant the proceedings may be continued and concluded in like manner as if he had lived." Rev. St. U. S. § 5090. Frazier v. McDonald, 8 N. B. R. 237, Fed. Cas. No. 5,073, cited in Adams v. Terrell, arose under that provision, and, as the alleged bankrupt had died after the rule to show cause, and before the trial, and the warrant would not issue till after adjudication, Judge McCandless held accordingly that the death abated the proceedings. But the provisions of the present act show plainly that the filing of an involuntary petition is the commencement of proceedings. It was so held in Re Stein (in the United States circuit court of appeals for this circuit, January 22, 1901) 105 Fed. 749, where the subpœna was returned "Not found" in December, 1898, and nothing further was done in this respect till April after, when other creditors came in, and took up the proceedings.

The only question upon this motion is whether there were proceedings before the death of the bankrupt to have been abated if the law had so provided. If there were, this law is express that they shall not be abated. The motion must, therefore, be overruled. But, in

order that the administrator and any creditor may have an opportunity to contest the petition, the adjudication is stricken off, and 10 days from the filing hereof given them to appear and answer if they see fit. Adjudication set aside, motion to dismiss denied, and 10 days given to administrator and creditors for appearance and answer.