### In re MILLER.

(District Court, E. D. Pennsylvania.  December 12, 1904.)

#### No. 1,691.

1. BANKRUPTCY—DISCHARGE—INSANITY OF BANKRUPT.
    The insanity of a bankrupt, which has prevented his examination by creditors, and still continues, is not a bar to his discharge under Bankr. Act July 1, 1898, by which a discharge is made a matter of right unless certain objections are established, and which further provides in section 8, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], that "the death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane."

In Bankruptcy. On motion to dismiss specifications of objection to discharge.

Charles F. Warwick, for bankrupt.
William F. Brennan, for objecting creditor.

J. B. McPHERSON, District Judge. The specifications of objection to the bankrupt's discharge are as follows:

"1. The said Hiram A. Miller did not appear at the first meeting of his creditors, or at any other meeting, to be examined publicly by his said creditors, trustee, and referee.

"2. The evidence shows that the said Hiram A. Miller has not been mentally capable of undergoing an examination by any of his creditors since his adjudication as a bankrupt.

"3. His creditors should first be given an opportunity to examine him before he is discharged.

"4. The evidence shows that the said Hiram A. Miller is non compos mentis, or without reasoning power, and he is therefore unable to properly make an application for his discharge as a bankrupt and to be discharged as such."

Ordinarily, objections of this kind, raising a question of fact, should be sent to the referee for investigation and report; and, if this were done, the proper practice would require the appointment

of a guardian ad litem to represent the interest of the alleged lunatic. Re Burka (D. C.) 107 Fed. 674. In the present case, however, it was agreed at bar that the facts are as averred in the specifications, and further inquiry upon this point therefore would be superfluous. Assuming the bankrupt to be insane, the question for decision is whether his lunacy, which has prevented his examination by the creditors, and still continues, is a bar to his discharge. It would doubtless have been more regular if a petition had been made on his behalf for the appointment of a guardian ad litem; for, in strictness, it is true that, if the bankrupt is so far deprived of the use of his faculties that he cannot submit to an examination by the creditors, he should be held to be incapable also of taking any other step in the proceeding. The fourth specification, therefore, states a valid objection, and, if I understood it to be seriously insisted upon, I should decline to act upon the petition until a guardian should be appointed and should join therein, or until a next friend should come forward for a similar purpose; but as such declination would only cause delay, and as the defect is no more than formal at the best, and is not vigorously attacked by the objecting creditors, I shall treat the petition as properly before the court for consideration.

By section 29 of the act of March 2, 1867, c. 176, 14 Stat. 531, the bankrupt was obliged to take a specified oath before he could be discharged, and for this reason his death or insanity before doing what he was thus bound to do personally prevented the discharge. See cases cited in Brandenberg on Bankruptcy (3d Ed.) note 6 to section 227, p. 160. But the act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], contains no such provision. No oath is required upon the part of the bankrupt, and the discharge is of right, unless certain objections thereto are made to appear. These are specified in clause "b" of section 14, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], and none of them is involved in the present inquiry. Section 8, Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], however, seems to be precisely in point: "The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be continued and concluded in the same manner, so far as possible, as though he had not died or become insane." To my mind, this is so plain as not to require construction. "So far as possible" the proceedings are to go on and be concluded as if the bankrupt had not died or become insane; and this can only mean that the statute is not unmindful of the fact that his death or insanity must, of necessity, interfere to some extent with the ordinary method of procedure. In either event he cannot be examined by the creditors, he cannot himself prepare the proper schedules, he cannot himself claim his exemption or take the necessary steps toward his final discharge; but, in spite of these obvious difficulties—and there are others equally obvious—the proceedings are to go on "so far as possible" as if he were alive or sane. His right to be discharged is therefore not affected, for it is only possible to oppose such discharge successfully by proving one of the acts de-

scribed in section 14, and such proof may be made whether the bankrupt be sane or insane, living or dead. In this conclusion the text-writers and the decisions agree, so far as I have been able to discover. Re Hicks (D. C.) 107 Fed. 910; Re Risteen (D. C.) 122 Fed. 732; Re Parker, 1 Am. Bankr. R. 615; Gould & Blakemore, p. 28; Loveland (2d Ed.) p. 653; Brandenberg (3d Ed.) c. 8; Collier (4th Ed.) § 8.

The specifications of objection are dismissed.