## In re SPALDING.

(District Court, S. D. New York. January 13, 1905.)

1. BANKRUPTCY—PROCEEDINGS—ABATEMENT—DEATH OF BANKRUPT.

Proceedings in bankruptcy do not abate by the death of the alleged bankrupt after a petition is filed, and before adjudication.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 134.]

2. SAME—BANKRUPT ACT—INSTRUCTION—RECEIVERS.

Bankr. Act July 1, 1898, c. 541, § 3a, subd. 4, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [Supp. U. S. Comp. St. 1903, p. 410], providing that an act of bankruptcy takes place when, because of insolvency, a receiver or trustee has been put in charge of a person's property under the laws of the state, is not limited to cases in which a receiver or trustee has been appointed under the laws of the state providing for administration of insolvents' estates.

3. SAME—ESTOPPEL.

Where a judgment creditor of an alleged bankrupt filed a creditors' bill, in which he obtained the appointment of a receiver for the bankrupt's property because of his alleged insolvency, among other grounds, the creditor was estopped from denying that the bankrupt was insolvent at the time such receiver was appointed in subsequent involuntary bankruptcy proceedings instituted by other creditors.

4. SAME—INSOLVENCY.

The appointment of a receiver in a judgment creditor's suit against an alleged bankrupt in a state court, because of the debtor's insolvency, among other things, constituted an act of bankruptcy, within Bankr. Act July 1, 1898, c. 541, § 3a, subd. 4, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [Supp. U. S. Comp. St. 1903, p. 410].

Myers & Goldsmith and Herman B. Goodstein (E. J. Myers, of counsel), for petitioning creditors.

Bacon & Crane (Selden Bacon, of counsel), for W. & J. Sloane, an intervening creditor.

Hamilton Anderson, for Mulhearn Steam Heating Company.

Hugo S. Mack, for alleged bankrupt.

HOLT, District Judge. This is a motion to confirm a referee's report finding that no adjudication in bankruptcy should be made. The alleged bankrupt died after the petition was filed. I agree with the opinion of Judge Wheeler in Re Hicks, 6 Am. Bankr. R. 182, 107 Fed. 910, that proceedings in bankruptcy do not abate by the death of the alleged bankrupt after the petition is filed, and before adjudication.

The ground of bankruptcy alleged in the petition is the appointment of a receiver in a judgment creditor's suit. The interpretation of the meaning of that portion of section 3a, subd. 4, Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], providing that an act of bankruptcy takes place when, because of insolvency, a receiver or trustee has been put in charge of a person's property under the laws of a state, is somewhat difficult; but, upon the whole, I think that it is too strict a construction to hold that it only applies to those cases in which a receiver or trustee has been appointed under the laws of a state providing for the administration of an insolvent's estate. There are many states which have no general insolvent laws. If, in

such a state, a receiver has been put in charge of a person's property because of his insolvency, I cannot believe that his creditors are barred from filing a petition in involuntary bankruptcy against him on that ground. The result would be that this ground of bankruptcy would only be available to citizens of states which have insolvent laws. In this case a judgment creditor's suit was brought to set aside certain fraudulent transfers of property. Such an action may undoubtedly be maintained in certain cases without proof of insolvency. But in proceedings in involuntary bankruptcy under this clause of the act, the question is not whether the action in which the receiver was appointed was brought because of insolvency, but it is whether the receiver was appointed because of insolvency; and, if insolvency was one of the grounds for the appointment asserted in the papers presented to the court, and upon which the court acted in making the appointment, the fact that there were other grounds asserted in the papers which may have influenced the court does not seem to me to take the case out of the operation of the bankrupt act. The plaintiff, having alleged that the defendant is insolvent in obtaining the appointment of a receiver, is, it seems to me, estopped from denying it when other creditors institute proceedings in involuntary bankruptcy based on the appointment. The object to be effected by the amendment of the bankrupt act in 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [Supp. U. S. Comp. St. 1903, p. 410]) was to provide, in accordance with the general purpose of the act, that the estate of an insolvent should be distributed ratably among his creditors. The appointment of receivers of the property of insolvents had not been provided for in the original act, and was an obvious method of evading its general purpose. In this case the alleged bankrupt had, as alleged in the judgment creditor's bill filed, by various proceedings, substantially transferred all his property, and placed it beyond the reach of execution; and a particular creditor was endeavoring, by a judgment creditor's suit, to obtain an equitable lien upon the property so transferred, for the purpose of obtaining payment of its debt in full. A receivership was an instrumentality, and an efficient instrumentality, in accomplishing that purpose, and I think that his appointment under such circumstances was an act of bankruptcy. Of course, receivers are frequently appointed, not because of insolvency, and without any necessary claim of insolvency—such, for instance, as a receiver appointed in a suit to recover an heirloom or a similar article, having an especial value to the plaintiff, or in a suit to foreclose a mortgage, when the property mortgaged is an insufficient security. But when, in a judgment creditor's suit, a receiver has been appointed of substantially all the assets which can be made available for the payment of the debtor's liabilities, and the complaint and affidavits upon which the application for the receiver is made assert, as one of the grounds for the application, that the defendant is insolvent, I think that, under the amendment of 1903, an act of bankruptcy has taken place, and that the other creditors are entitled to bring proceedings in involuntary bankruptcy against the debtor upon that ground.

I am therefore unable to confirm the referee's report in this case.