## CRUCHET v. RED ROVER MIN. CO.

(Circuit Court, D. Massachusetts. July 10, 1906.)

### No. 358.

Bankruptcy—Effect of Petition—Exclusiveness of Jurisdiction.

  A federal court was without jurisdiction to entertain a creditors' suit against a foreign corporation, and to appoint a receiver therein, where at the time such suit was commenced a petition in bankruptcy was pending against the defendant in the district of its domicile, which was after-

ward followed by an adjudication; and, on the facts being made known to the court, such suit will be dismissed.

[Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Equity. On plea to the jurisdiction and motion to dismiss.

H. H. Armington, for plaintiff.

James A. Tirrell, for defendant.

Franklin & Tedrow, for trustee in bankruptcy.

COLT, Circuit Judge. On March 18, 1905, a petition in involuntary bankruptcy was filed against the defendant in the United States District Court for the District of Colorado, and on May 22, 1905, the defendant was adjudged a bankrupt. The defendant is a mining corporation organized under the laws of Colorado, and its property is located within that state.

On April 21, 1905, this creditors' bill was filed in the United States Circuit Court for the District of Massachusetts, and a receiver appointed; the counsel for the defendant appearing and consenting to the entry of the decree.

The bill did not allege the pendency of bankruptcy proceedings in Colorado, nor was this fact in any way brought to the attention of the court. If it had been, the court would have refused to take jurisdiction of this bill, since it would be manifestly destructive of the fundamental purpose of the bankrupt act, and lead to endless confusion, for the Circuit Courts to entertain creditors' bills like the present one, after the commencement of proceedings in bankruptcy against the insolvent. Nor are we aware that any Circuit Court has ever entertained such a bill, and appointed a receiver, where it had notice that bankruptcy proceedings had already been commenced against the defendant.

The jurisdiction of this court under this bill, and of its receiver, is limited to the district of Massachusetts; and, since no property of the defendant has come into the possession of the receiver, the rights of creditors and of all parties having any interest in the bankrupt's estate have been up to the present time in no way affected by the entry of this decree appointing a receiver. Under these circumstances, it is clearly the duty of the court to dismiss the bill and discharge the receiver. The authorities upon this point are numerous and conclusive.

The jurisdiction of the bankruptcy court "is absolute, paramount, and exclusive to adjudicate the question of bankruptcy, to settle and liquidate the estate of the bankrupt, and as to all matters and questions arising in bankruptcy proceedings touching the persons and property of the bankrupts, their relations to their creditors, and the rights of creditors in and to the bankrupt's estate, from the commencement of the proceedings to their close." Brandenburg on Bankruptcy (3d Ed.) § 36, and authorities cited; Loveland on Bankruptcy (2d Ed.) § 18, p. 75; In re Watts & Sachs, 190 U. S. 1, 27, 35, 23 Sup. Ct. 718, 47 L. Ed. 933.

In Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866, the Supreme Court said:

"The filing of the petition was a caveat to all the world. It was, in effect, an attachment and injunction. Thereafter all the property rights of the debt-

or were ipso facto in abeyance until the final adjudication. If that were in his favor, they revived, and were again in full force. If it were against him, they were extinguished as to him, and vested in the assignee for the purposes of the trust with which he was charged. The bankrupt became, as it were, for many purposes civiliter mortuus. Those who dealt with his property in the interval between the filing of the petition and the final adjudication did so at their peril. They could limit neither the power of the court nor the effect of the final exercise of its jurisdiction. With the intermediate steps they had nothing to do. The time of the filing of the petition and the final result alone concerned them."

In the case of In re Benedict (D. C.) 140 Fed. 55, the court said:

"It must be remembered, however, that this is strictly a proceeding in rem, contemplating only temporary control of certain property. A proceeding in bankruptcy is sui generis. The filing of an involuntary petition is not the commencement of a suit against the failing debtor to recover debts due. It contemplates rather the collection and distribution of an estate. Such proceedings do not abate by the death of the alleged bankrupt occurring after the petition and before the adjudication. In re Hicks (D. C.) 107 Fed. 910; In re Spalding (D. C.) 134 Fed. 507. Another fact must be kept in mind. The very property sought to be reached has been by virtue of the act of Congress brought sub modo under federal influence and control by the filing of the involuntary petition, which has, so to speak, imposed a status upon all the property of the alleged bankrupt everywhere. Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866; Mueller v. Nugent, 184 U. S. 1–16, 22 Sup. Ct. 269, 46 L. Ed. 405. Such petition, when filed, is held to be 'a caveat to all the world,' and to operate upon such assets like an attachment or injunction. Such legal result is not expressly provided for in the text of the law, but is predicated by the court upon the general scope of the act and the purpose of Congress."

See, also, State Bank of Chicago v. Cox (United States Circuit Court of Appeals for the Seventh Circuit, October, 1905) 143 Fed. 91, 74 C. C. A. 285, published in the Central Law Journal of April 6, 1906, with an exhaustive note reviewing the authorities by William Ritchie.

A decree may be entered dismissing the bill.