## Mooney's Insolvency.

*Insolvency—Petition for receiver—Death of insolvent—Abatement of proceedings—Act of June 4, 1901.*

1. Where, pending a petition for the appointment of a receiver in insolvency proceedings under the Act of June 4, 1901, P. L. 404, the insolvent dies, the proceedings abate, and the executors of the insolvent will not be substituted for him of record.

2. Proceedings in insolvency are purely statutory, and the court in exercising its authority is limited by the statute.

Motion for substitution. Motion to abate proceedings. C. P. Susquehanna Co., April T., 1923, No. 70.

*Van Scoten & Little*, for petitioning creditor.

*F. A. & E. L. Davies*, contra.

SMITH, P. J., Sept. 10, 1923.—The above are proceedings pending under the provisions of the Act of June 4, 1901, P. L. 404, entitled "An act relating to insolvency," in which, Feb. 20, 1923, was filed the petition of I. D. Hawley, an alleged creditor of Perry S. Mooney, claimed to be insolvent, setting forth facts within the act. Same day, rule was granted to show cause why a receiver should not be appointed of the property of the said Perry S. Mooney. Before the return-day of the rule, an answer by him was filed denying *in extenso* the petitioner's allegations, and date fixed for hearing; but prior thereto the alleged insolvent died, his will was probated and letters testamentary by the Register of Wills of Susquehanna County granted to John W. Van Vetchen and Julia K. Van Vetchen, whereupon the present alternative rules were granted.

Involved in this controversy, the main question to be determined is whether the death of Perry S. Mooney at the stage of the proceedings, before hearing and decree appointing receiver, if any should have been appointed, abates the proceedings or not. If so, then substitution of the executors as parties respondent would, of course, be denied; otherwise, it is apparent such substitution is a matter of right.

The Act of 1901 is silent as to the effect of the death of alleged insolvent on the proceedings. No provision is made for such a contingency therein, and no judicial decision directly in point by the Pennsylvania courts, and the research by the learned counsel engaged and ourselves is rewarded by finding the only case which seems to have substantial bearing on the subject is that of In re John V. McDonald, a bankrupt, 10 Phila. 273, decided by McCandless, J., in the District Court of the United States for the Western District of Pennsylvania, under the United States Bankruptcy Act then existing, which bear strong analogy in provisions and purposes to the Pennsylvania Act of 1901 now under consideration. This decision leans strongly against the right of substitution at bar, and that these proceedings abated by the death of Perry S. Mooney, the alleged insolvent, such was there decided.

Mooney's Insolvency.

Judge McCandless states: "The question for our consideration is, does the death of McDonald terminate the proceedings in a court of bankruptcy?"

In his discussion he finds within the provisions of the Bankruptcy Act no authority to make the substitution prayed for. It must be by a species of judicial legislation, which "is a dangerous encroachment upon the constitutional rights of Congress," and unwarranted; nor can the principles of equity practice be thus applied to such legislation. "Comprehensive in its terms," drawing a distinction between "involuntary" bankruptcy sought to be established by creditors and that occasioned by the "voluntary" act of the debtor, in which it seems the statute provided for a continuance of the proceedings after his death "in the same manner as if he had lived," he adds: "With what propriety can you visit (what he terms penal provisions of the act) upon a representative man, upon the executor, who is the appointee, and *post-mortem* the legitimate representative of the dead man, . . . and derives all his authority from the register of wills."

We should here note that in the case cited the death of the alleged insolvent occurred before trial by jury for the determination of the question of his insolvency, being the method provided by the Bankruptcy Act. Here, before the hearing before the court for the same purpose and appointment of receiver, as provided by the Pennsylvania Statute of 1901, these analogies must be regarded in judicial interpretation of statutes, for which we cite Sproul, Receiver, v. Murray, 156 Pa. 293; and it has been many times held that the Act of 1901 is essentially a bankrupt act, and so regarded when up for interpretation with relation to Federal Acts of Bankruptcy, as, see numerous citations in note 2, Purdon's Digest, page 1924, and equally "comprehensive" in its provisions.

The weight of authority in other jurisdictions interpreting and applying similar legislation is in agreement with Judge McCandless's opinion and conclusions, as, see German-American Seminary v. Saenger, 33 N. W. Repr. 301; United Elevator Co. v. Collier, 188 S. W. Repr. 1127; Saginaw Bank v. Duffield, 122 N. W. Repr. 186; 12 Cyc., 55; 1 Corpus Juris, 179.

Proceedings in insolvency are purely statutory, and the court, in exercising its authority, is thereby limited: Freeman v. Griswold, 34 Pac. Repr. 327.

We have examined the various Pennsylvania statutes negativing abatement of various proceedings, but find none that can apply at bar and at common law any suit abated by the death of a party before trial or verdict: 1 Cyc., 47.

We are constrained to follow the reasoning and adopt the conclusion of the court in 10 Phila. 273, above cited, rather than the inferences *contra* sought to be drawn by the learned counsel for the creditor petitioner from the language of the 36th section of the Act of 1901, which they interpret as making provision for restoration of property to "legal representatives" of the alleged insolvent upon certain conditions therein stated as applying to the case at bar. The difficulty with this view is that there has yet been no adjudication before death, and the statute creates no lien by filing the petition or granting the rule only.

We are, therefore, after careful consideration, of the opinion that we must declare the proceedings abated, and the order for substitution cannot be made as asked for, realizing, as expressed by Judge McCandless in his opinion, the apparent justice to be afforded the petitioning creditor by a full hearing, but which we are precluded from granting in the absence of statutory authority, and as we have found none exists.

And now, to wit, Sept. 10, 1923, all proceedings at bar are declared abated and the rule for substitution discharged.

From Gerritt E. Gardner, Montrose, Pa.