**In re Dorothy Lucille BERGERON, Melvin Francis Bergeron, Debtors.**

**Bankruptcy No. 99–42568 NR.**

United States Bankruptcy Court, N.D. California, Oakland Division.

July 7, 1999.

Andrew D. Velez–Rivera, Office of the United States Trustee, for U.S. Trustee.

Melanie M. Darling, Oakland, CA, for debtors' attorney.

William H. Broach, Chapter 7 Trustee.

Steven P. Small, Alameda, CA, for debtor.

## ORDER EXCUSING DEBTOR'S APPEARANCE AT SECTION 341 MEETING, VACATING ORDER TO SHOW CAUSE, AND DIRECTING THAT DISCHARGE ENTER

RANDALL J. NEWSOME, Bankruptcy Judge.

This chapter 7 case is before the court pursuant to debtor Melvin Bergeron's motion to enter a discharge. The motion is opposed by the United States trustee on the grounds that Mr. Bergeron has failed to appear at the meeting of creditors mandated by 11 U.S.C. § 341.[1] The issue squarely presented is whether the debtor's appearance at a § 341 meeting can be excused by the bankruptcy court, notwithstanding the unqualified directive of 11 U.S.C. § 343 that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a)."

The relevant facts are undisputed. Dorothy and Melvin Bergeron filed a joint chapter 7 petition under 11 U.S.C. § 302 on March 26, 1999. After examining Mrs. Bergeron at the April 21, 1999 meeting of creditors and examining the file, the chapter 7 trustee determined that there were no assets to be administered for the benefit of creditors. Although Mrs. Bergeron testified that her husband was too ill to appear for examination, either personally or by telephone, the chapter 7 trustee continued the § 341 meeting to May 19, 1999 to examine Mr. Bergeron. When Mr. Bergeron failed to appear on that date, the chapter 7 trustee continued the meeting to allow debtors' counsel to file the present motion.

---

1. The procedural posture of this dispute is awkward at best. Nothing in the Bankruptcy Code or Rules authorizes a motion for issuance of a discharge. A chapter 7 discharge enters automatically after the case is filed unless the case is dismissed or converted to another chapter or someone files a timely complaint objecting to discharge. *See* Bankruptcy Rule 4004. However, on June 2, 1999 the court ordered that in the absence of a timely objection, the case would be dismissed if the debtors failed to appear at the continued date for the meeting of creditors. (This order should have been directed only at Melvin Bergeron, since his wife Dorothy Bergeron appeared and was examined at the first date set for the § 341 meeting.) To untangle the procedural confusion, I will treat Mr. Bergeron's motion as both an opposition to the dismissal and a motion to waive his appearance at the continued § 341 meeting of creditors.

The United States trustee has stipulated to the following facts as set forth in the declaration of Dr. Stanley Fong, M.D., Mr. Bergeron's attending physician:

> Melvin Bergeron suffers from multiple medical conditions including blindness, senile dementia, renal failure, and prostatism necessitating an indwelling urinary catheter.

> In my opinion, he is unable to physically attend a court appearance and, even if accommodations could be made, he is unable to competently testify.

There also is no dispute that Mr. Bergeron is 89 years old; his present condition preexisted the filing of this bankruptcy case; no court has ever decreed that he is legally incompetent under California law, nor has anyone been appointed to care for him and handle his affairs; and no party in interest has expressed any desire to examine him under oath.

█ Citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the United States trustee argues that the issue before me is conclusively resolved by the plain meaning of § 343, which allows no exceptions to the command that the "debtor *shall* appear and submit to examination under oath at the meeting of creditors...." It would be hard to argue that the statutory meaning could be any plainer. But even the United States trustee acknowledges that there may be exceptions to this rule of statutory construction. The Supreme Court's own recitation of the rule in *Ron Pair* offers one such exception:

> The plain meaning of legislation should be conclusive, *"except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters."* [citation omitted] *In such cases, the intention of the drafters, rather than the strict language, controls.*

[emphasis added]

489 U.S. at 242, 109 S.Ct. 1026.

A second exception (or perhaps a different formulation of the first) holds that the plain meaning of a statute must govern unless it would lead to "absurd or impracticable consequences." *United States v. Missouri Pac. R.R.*, 278 U.S. 269, 278, 49 S.Ct. 133, 136, 73 L.Ed. 322 (1929); *Seattle–First National Bank v. Conaway*, 98 F.3d 1195, 1197 (9th Cir.1996).

█ A complete review of Title 11 as it pertains to consumer debtors leads me to conclude that this case falls within both exceptions, and that Congress did not intend to strip the bankruptcy court of all discretion to excuse an individual debtor's appearance at a § 341 meeting, at least where such appearance would be impossible or utterly pointless. The United States trustee has not, and under the plain meaning rule, could not assert that Mr. Bergeron is not qualified to file a voluntary chapter 7 petition, even though he suffers from some degree of mental impairment. Section 109(b) is the Bankruptcy Code's last word on chapter 7 eligibility, and all it requires is that the debtor be a person, not a person possessing a specific mental acuity. *In re Zawisza*, 73 B.R. 929 (Bankr.E.D.Pa.1987); *see also In re Murray*, 199 B.R. 165 (Bankr.M.D.Tenn.1996) (minors are permitted to file chapter 13 petitions). "Person" as defined in § 101(41) includes an individual, which in ordinary parlance means a human being. Unless a creditor has alleged and proven under § 727(a) that the debtor is not an individual, or made a false oath, or refused to obey a lawful order of the court, or engaged in other conduct proscribed by that section, then "[t]he court shall grant the debtor a discharge...." Failing to appear at the first meeting of creditors is not a ground for objecting to a discharge under § 727(a), nor was it under the Bankruptcy Act of 1898. *Cf. In re Miller*, 133 F. 1017 (E.D.Pa.1904). And no one has asserted that Mr. Bergeron is disqualified from receiving a discharge under any of the provisions of § 727(a).

It would be ironic, indeed, for Congress to permit Mr. Bergeron to seek chapter 7 relief and require that he be issued a discharge, but then to negate his ability to obtain that relief because he is physically and mentally unable to appear and be questioned under oath at the § 341 meeting. It would be a particularly bitter irony in this case, since no one has expressed the slightest interest in interrogating him. I cannot imagine that Congress intended such an "absurd and impracticable" result.[2]

Accordingly, Mr. Bergeron's appearance at the § 341 meeting is hereby excused, the order to show cause why this chapter 7 case should not be dismissed is vacated, and the clerk is directed to enter a discharge for Mr. and Mrs. Bergeron forthwith.

---

2. The United States trustee suggests that the court might avoid having to interpret § 343 by simply declaring Mr. Bergeron incompetent under Bankruptcy Rule 1016. In doing so, the court could then conclude the administration of the estate by issuing a discharge without requiring Mr. Bergeron to appear at the § 341 meeting, since that rule only requires the case to "be administered ... so far as possible, as though the ... incompetency had not occurred." I must reject the United States trustee's suggestion for at least two reasons. First, Rule 1016 is inapplicable on its face, since it only "deals with the death or incompetency of the debtor *after a bankruptcy petition has been filed.*" (emphasis added) 9 L. King, *Collier on Bankruptcy* ¶ 1016.01 (Rev. 15th Ed.1999). There is no dispute that Mr. Bergeron was in his present condition when he filed this case. Second, assuming the United States trustee is correct that the mandatory appearance requirement of § 343 knows no exceptions, then a procedural rule

like Rule 1016 cannot create one. *In re Pacific and Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir.1994) (... "[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.").

The question of Mr. Bergeron's *capacity*, as opposed to eligibility, to file a bankruptcy petition has not been raised by either party in this dispute. Although there is some question whether Bankruptcy Rule 7017(c) would be applicable in this context, at least two courts have suggested that it is, and that a guardian or next friend may file a bankruptcy petition and pursue the case on behalf of the debtor. *In re Kjellsen*, 53 F.3d 944, 946 (8th Cir. 1995); *In re Murray*, 199 B.R. 165 (Bankr. M.D.Tenn.1996). Whether someone should have been appointed as Mr. Bergeron's next friend to pursue his chapter 7 petition is of procedural significance only, having no bearing on the issue before the court.