**In re Homayoun MAALI.**

**Civil Action No. 09–40069–RGS.**

United States District Court,
D. Massachusetts.

March 1, 2010.

Homayoun Maali, Lawrence, MA, pro se.

*MEMORANDUM AND ORDER ON APPEAL FROM ORDER OF DISMISSAL OF THE UNITED STATES BANKRUPTCY COURT*

STEARNS, District Judge.

### INTRODUCTION

Debtor Homayoun Maali, proceeding *pro se*, appeals the February 25, 2009 Order entered by the Bankruptcy Court for the District of Massachusetts (Western Division) (Rosenthal, J.), dismissing his bankruptcy petition. For the reasons stated, the dismissal will be affirmed.

### BACKGROUND

Maali filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 27, 2008.[1] The Court scheduled a section 341 meeting of creditors for June 27, 2008, at 3:00 p.m. at the office of the United States Trustee in Worcester, Massachusetts. *See* 11 U.S.C. § 341(a). Notice of the section 341 meeting was mailed to Maali's residence on June 4, 2008. Maali filed his Chapter 13 plan on June 9, 2008.[2] On June 27, 2008, Trustee Denise Pappalardo convened the section 341 meeting; Maali, however, failed to appear. Maali's proposed Chapter 13 plan was thus not confirmed. *See* 11 U.S.C. § 1325(a).

On December 16, 2008, the Trustee moved to dismiss Maali's petition, noting that Maali: (1) had failed to appear at the section 341 meeting; (2) had failed to begin making the payments due under the proposed plan; and (3) had failed to achieve plan confirmation.[3] At the time of the Trustee's filing, Maali was $700, or five

---

1. Maali's filing consisted of a three-page petition, a Schedule F (identifying creditors holding unsecured nonpriority claims), a certificate of credit counseling, and Exhibit D (a statement of compliance with the credit counseling requirement). The Bankruptcy Court ordered Maali to supplement his filing by submitting a Statement of Social Security Number by May 30, 2008 and a creditor matrix by June 2, 2008. He was also ordered to file a Chapter 13 plan, Schedules A–J (except Schedule F), a Statement of Financial Affairs, a Summary of Schedules, a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income Form 22C, and a Statistical Summary of Certain Liabilities. The additional filings were due on June 11, 2008. Maali complied by filing the missing documents on June 3, 2008, and June 9, 2008.

2. Maali's Chapter 13 plan was filed without a certificate of service or Form 7 (Declaration Re: Electronic Filing). The Bankruptcy Court ordered Maali to file a certificate of service or Form 7 within ten days or face dismissal pursuant to 11 U.S.C. § 1307(c)(1). Maali filed a certificate of service on June 13, 2008.

3. The Trustee's motion also alleged that Maali had failed to certify whether he was required to pay any domestic support obligations and had failed to produce his income tax returns (both of which are barriers to plan confirmation). Maali subsequently cured both of these failings. Appellee's Brief, at 2 n. 5.

months, in arrears on his payments. Maali filed an objection to the Trustee's motion on December 23, 2008. A hearing on the motion was scheduled for January 27, 2009, and then continued to February 24, 2009.

Meanwhile, Maali, acting *pro se*, initiated two adversary proceedings. The first, filed on January 30, 2009, against VIP Parts, Tires, and Services (VIP) sought the return of Maali's motor vehicle (a 1998 Toyota Sienna), and payment of $700, plus interest and other damages.[4] In the second proceeding, filed February 10, 2009, Maali sought to avoid a non-purchase money security lien on the vehicle on grounds of alleged violations of the Federal Truth in Lending Act. Maali subsequently motioned the Bankruptcy Court to resolve both adversary proceedings to provide funding for his Chapter 13 plan.[5]

On February 24, 2009, the Bankruptcy Court heard argument on the Trustee's motion. Maali was now seven months in arrears. At the conclusion of the hearing, the Court entered an order granting the motion to dismiss. Maali filed a Notice of Appeal on February 26, 2009. The case was transferred to this court from the Bankruptcy Appellate Panel on April 2, 2009, at the election of the Trustee. *See* 28 U.S.C. § 158(c)(1).

## DISCUSSION

"The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." 28 U.S.C. § 158(a)(1). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Bank of New England Corp.*, 218 B.R. 643, 646 (1st Cir. BAP 1998), quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The district court reviews a decision to dismiss a bankruptcy case under 11 U.S.C. § 1307(c) for abuse of discretion. *See In re Roberts*, 279 F.3d 91, 92 (1st Cir.2002).[6] An abuse of discretion occurs if the Bankruptcy Judge does not apply the correct law, or rests his decision on a clearly erroneous finding of material fact. *See In re Cabral*, 285 B.R. 563, 570 (1st Cir. BAP 2002) (citation omitted). A finding of fact is clearly erroneous, even though there may be some evidence to support it, when the reviewing court, after careful examination of all the evidence, is "left with the definite and firm conviction that a mistake has been committed." *In re Watman*, 301 F.3d 3, 8 (1st Cir.2002), quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

---

4. At the time of Maali's filing of the petition, VIP held Maali's vehicle in its possession. Maali alleges that VIP violated the automatic stay by retaining possession of the vehicle and demanding a preferential payment of $700. *See* 11 U.S.C. § 542(a).

5. Maali filed his motion to resolve the two adversarial proceedings on February 24, 2009, the same day the Bankruptcy Court heard argument on the Trustee's motion to dismiss. The Bankruptcy Court denied Maali's motion as moot on March 9, 2009, after granting the motion to dismiss.

6. Section 1307(c) of the Bankruptcy Code provides in relevant part:

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may ... dismiss a case under this chapter ... for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> * * * *
> (4) failure to commence making timely payments under section 1326 of this title.

11 U.S.C. § 1307(c).

 The record in this case, which Maali does not dispute, establishes that he failed to appear at the section 341 meeting of creditors. A debtor has a duty to attend the creditors' meeting and to submit to an examination under oath. *See* 11 U.S.C. § 343. A debtor's failure to appear at the meeting is not always fatal to his petition. But this is only true in the most extenuating of circumstances. *See In re Bergeron*, 235 B.R. 641 (Bankr.N.D.Cal. 1999) (excusing the appearance of an 89–year–old debtor suffering from multiple medical conditions, which not only rendered him physically unable to appear, but prevented him from competently testifying). On the other hand, where a debtor has failed to appear and there are no mitigating factors justifying his absence, a dismissal of the petition with prejudice is appropriate. *See In re O'Donnell*, 43 B.R. 679 (Bankr.E.D.Pa.1984) (statement of debtor's counsel, unsupported by a physician's certificate, that debtor was emotionally unable to appear at the creditors' meeting did not excuse his non-attendance). *See also In re Hall*, 266 B.R. 659 (Bankr.W.D.Ky.2001) (debtor's affidavit stating that he missed the creditors' meeting because his employer required him to be away and he could not afford the loss of several days pay, failed to demonstrate exceptional circumstances justifying his non-attendance).

[4] In this case, Maali contends that medical issues kept him from attending the June 27, 2008 creditors' meeting. His supporting documents, however, indicate that he did not seek medical attention until July 31, 2008, and did not undergo surgery until a month later on September 3, 2008. Maali has failed to produce any medical records supporting his assertion that he was physically debilitated on June 27, 2008. Under the circumstances, the Bankruptcy Judge acted well within his discretion in dismissing the petition.

 The Trustee also moved for dismissal on the alternate ground that Maali had failed to comply with 11 U.S.C. § 1326. Section 1326(a)(1) requires that: [u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier.

Maali filed his plan on June 9, 2008. He was required to submit his first plan payment on or before July 9, 2009. No order of the Bankruptcy Court was sought to extend the deadline and no payments were ever made. Maali contends that he was unable to pay because he did not have a job and his only source of income was Social Security Disability Insurance. If true, it was never brought to the attention of the Bankruptcy Court.

Finally, Maali failed to achieve plan confirmation. Maali did not attend the creditors' meeting, did not make any plan payments, and did not seek an extension of the plan's implementation date. Dismissal is appropriate where a debtor has caused an unreasonable delay to the harm of his creditors. Here, Maali's failure to cooperate made it impossible for the Trustee to recommend confirmation. *See* 11 U.S.C. § 1307(c)(1).

## ORDER

Because a dismissal is justified on each of the three grounds cited, the Bankruptcy Court did not abuse its discretion in granting the Trustee's motion to dismiss. Consequently, the Order of the Bankruptcy Court is *AFFIRMED*.

SO ORDERED.